DADE COUNTY, P*laintiff in Error*, v. THE CITY OF MIAMI, A MUNICIPAL CORPORATION, *Defendant in Error*.

Opinion filed May 30, 1919.

1   The rule is that where a public statute is applicable to a case it is sufficient that the pleading of the party who seeks to rely upon the statute shall set forth the facts which bring

the case within it, and it is not necessary to recite the title of the act or otherwise designate or even refer to it.

2. Repeals by implication are not favored, and in order that a court may declare that one statute repeals another by implication it must appear that there is a positive repugnancy between the two or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject-matter of the former.

3. It is to be presumed that different acts on the same subject passed at the same session of the elgislature are imbued with the same spirit and actuated by the same policy and that they should be construed each in the light of the other. The legal presumption is that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intent to do so. An interpretation leading to such a result should not be adopted unless it be inevitable. The rule of construction in such cases is that if courts can by any fair, strict or liberal construction find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation, it is their duty to do so.

4. Section 9 of Chapter 6537 was not repealed by Chapter 6474, the tax levy act of 1913, passed at the same session of the legislature but construing the two statutes as being *in pari materia*, Section 9 of Chapter 6537 remains in full force and effect but so modified by the tax levy act as to authorize a levy of a tax of not exceeding eight (8) mills on the dollar on the property of the county for the construction ·of the roads and bridges of the county; neither was such section repealed by Chapter 6941, the tax levy act of 1915, but applying the same rule of construction the same conclusion is reached.

5. The proviso to Section 9 of Chapter 6537, Laws of Florida, directing that one-half of the amount realized from the spe-

cial road tax authorized and required to be levied by the county commissioners and realized from said tax upon property in incorporated cities and towns to be turned over to said cities and towns to be used in repairing and maintaining the roads and streets thereof is not in conflict with Section 5, Article IX of the Constitution as being a diversion *pro tanto* of county funds to other than county purposes.

6. Under the provisions of Section 9 of Chapter 6537 it is the duty of the county commissioners to turn over to the cities and towns their proportion of such tax when collected and paid into the county treasury, and the county has no right to appropriate such moneys to any other purpose and cannot by attempting to do so escape liability therefor and thus defeat the claim of such cities and towns thereto.

7 Moneys which become due to cities and towns under the provisions of Section 9 of Chapter 6537 is legitimate indebtedness of the county in which the tax is levied and collected and its payment may be enforced by an action of assumpsit against the county.

8. Under the provisions of Section 773, General Statutes of 1906, Compiled Laws of 1914, providing that county commissioners may sue and be sued in the name of the county of which they are commissioners, a suit in assumpsit may be maintained against a county by one to whom it is legitimately indebted.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed.

*Lilburn R. Railey,* for Plaintiff in Error;

*Hudson, Wolfe & Cason,* for Defendant in Error.

WEST, J.—This is an action in assumpsit by the City of Miami against the County of Dade in which the city is located.

There is a special count in the declaration as follows:

"The Plaintiff, the City of Miami, was in the year 1915, and still is, a duly organized and incorporated municipal corporation under the laws of the State of Florida, situated wholly within the limits of Dade County in said State, and the defendant, Dade County, was in the year 1915, and still is, a duly organized County of the State of Florida. The County Commissioners of said Dade County, did, in the year 1915, levy for the year 1915, a tax of six mills on the dollar on the real and personal property in said county, to be used and appropriated by such County Commissioners exclusively for the purpose of working, constructing, repairing or maintaining roads in such county, hard surfaced or otherwise, and out of the taxes collected and paid in pursuance of the said levy, the sum of $27,021.08 was realized and collected by and paid to said county on the property in the limits of the said City of Miami, and thereby the defendant under the provisions of Section 9, of Chapter 6537 of the Laws of Florida, became indebted to the Plaintiff, the said City of Miami, in one half of the said sum for which amount the Plaintiff has made lawful demand of the said County Commissioners, and though often requested so to do, the defendant has wholly failed and refused to pay the same."

The declaration also contains common counts for money received by the defendant for the use of the plaintiff and for money found to be due from the defendant to the plaintiff on account stated between them.

A demurrer to the special count was overruled after which pleas were filed averring in substance that the defendant county did not levy a road tax for the year 1915 on the real and personal property in the county under the provisions of Chapter 6537, Laws of Florida, but that it levied such tax for said year under the provisions of Chapter 6941, Laws of Florida, which said Chapter repealed Section Nine (9) of Chapter 6537; that no demand was made by plaintiff city for any portion of said moneys until the same had been collected and expended by the defendant county in the construction, maintenance and repair of roads in said county, that said moneys so collected for said year had been expended prior to the institution of said suit in the construction, repair and maintenance of roads and bridges in said county; that the amount claimed was not realized and collected by the defendant county on property in the limits of said plaintiff city for taxes for road purposes for said year; and that said defendant county did not levy a tax of five mills for said purpose for said year, but that it levied a tax of six mills for said purpose, such tax being levied under the provisions of Chapter 6941, Laws of Florida.

There was a plea of never was indebted as alleged to the common counts.

Issue was joined on the pleas and the cause was by agreement heard by the court without a jury on an agreed statement of facts. There was a finding for the plaintiff in the sum of $12,767.46, for which amount judgment was entered against defendant, for the review of which finding and judgment writ of error was taken.

The first contention is that there was error in the order of the court below overruling defendant's demurrer to the special count of the declaration. The grounds of the

demurrer which are insisted upon are the second, fourth, sixth and seventh. These grounds of the demurrer challenge the sufficiency of the count to which they are directed because such count does not allege that the tax was levied under the provisions of Chapter 6537, Laws of Florida, and because Section 9 of Chapter 6537 under which the plaintiff city claims was repealed by Chapter 6474, Laws of Florida, and Chapter 6941, Laws of Florida.

With respect to the first qquestion presented by this demurrer the rule is that where a public statute is applicable to a case it is sufficient that the pleading of the party who seeks to rely upon the statute shall set forth the facts which bring the case within it, and it is not necessary to recite the title of the act or otherwise designate or even refer to it. Atlantic Coast Line R. Co. v. State, 73 Fla. 609, 74 South. Rep. 595. It was, therefore, not necessary to count on this statute if the facts pleaded were sufficient to bring the case within it.

The statute upon which the action is predicated is Section 9 of Chapter 6537, Laws of Florida, 1913, which is as follows:

"The Board of County Commissioners are hereby authorized and required to levy a tax of not to exceed five mills on a dollar on all property in said County each year for road and bridge purposes, and the same when collected, shall be paid over to the County Treasurer, and by him kept in a separate fund, which fund shall not be expended for any other purpose than for work on the public roads and bridges in the several Counties, and for the payment of the salaries of employees engaged in road and bridge work, and in providing the necessary tools, material, implements and teams, and for the necessary

work on said road and bridges; Provided, however, That one-half the amount so realized from said special tax on the property in incorporated cities and towns, shall be turned over to said cities and towns, to be used in repairing and maintaining the roads and streets thereof, as may be provided by the ordinances of such cities and towns."

The contention is made that this statute was repealed by the tax levy acts of 1913 and 1915, the same being Chapters 6474 and 6491, Laws of Florida, respectively. It is admitted that the latter acts do not expressly repeal the former, but it is said that they do supersede and by implication repeal it. The inconsistency pointed out, and the only inconsistency between the tax levy acts referred to and the statute under consideration is that the former authorizes a levy of a tax of eight (8) mills on the dollar each year on the property of the county to be used in the construction and maintenance of roads and bridges, whereas the latter authorizes a levy of a tax of only five (5) mills for such purpose. The tax levy act of 1913, Chapter 6474, was enacted at the same session of the legislature that Chapter 6537 was enacted, Section 9 of which is, as we have seen, the basis of this action. There is no express repeal of one by the other, and it is well settled that repeals of one statute by another by implication are not favored. Florida East Coast R. Co. v. Hazel, 43 Fla. 263, 31 South. Rep. 272; Curry v. Lehman, 55 Fla. 847, 47 South. Rep. 18.

In the case of Florida East Coast R. Co. v. Hazel, supra, the rule on this subject was stated as follows: "Repeals by implication are not favored, and in order that a court may declare that one statute repeals another by implication it must appear that there is a positive repug-

nancy between the two or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject-matter of the former."

In the case of Curry v. Lehman, *supra,* the court said: "It is to be presumed that different acts on the same subject passed at the same session of the legislature are imbued with the same spirit and actuated by the same policy and they should be construed each in the light of the other. The legal presumption is that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intent to do so. An interpretation leading to such a result should not be adopted unless it be inevitable. The rule of construction in such cases is that if courts can by any fair, strict or liberal construction find for the two provisions a reasonable field of operation, without destroying their evident intent and meaning, preserving the force of both, and construing them together in harmony with the whole course of legislation, it is their duty to do so."

Now, applying the foregoing rules to this case, it is clear, we think, that Section 9 of Chapter 6537 was not repealed by Chapter 6474, the tax levy act enacted at the same session of the legislature, nor by Chapter 6941, the tax levy act enacted at the following session. Construing the two acts passed at the same session of the legislature as being *in pari materia* we have the statute upon which the plaintiff below bases its claim in full force and effect, but so modified by the tax levy act as to authorize a levy of a tax of not exceeding eight (8) mills on the dollar on the property of the county for the construction and maintenance of roads and bridges in the

county. The tax levy act of 1913 was applicable to the years 1913 and 1914 only. It was followed by the tax levy act of 1915, which was applicable to the years 1915 and 1916, and this is the statute that was in force at the time the moneys were realized by the defendant county which the plaintiff city claims should be paid over to it under the provisions of Section 9 of Chapter 6537, but since this statute was not repealed but only modified by the tax levy act of 1913 it was likewise not repealed by the tax levy act of 1915, which contained a provision with respect to the millage for road and bridge purposes the same in effect as that contained in the 1913 tax levy act. There was, therefore, no error in the order overruling the demurrer to the declaration.

Under the second and third assignments of error it is urged that there was no error in excluding certain testimony of a member of the board of county commissioners of the defendant county by which it proposed to prove that the tax levy for the year 1915 for said county was made under the "general tax law" (Chapter 6941, Laws of Florida) and not under the "special law providing for road tax" (Section 9, Chapter 6537, Laws of Florida). The immateriality of this evidence is made apparent by the foregoing discussion and it is not necessary to further consider it. Such discussion also contains a sufficient answer to the questions raised by the fourth and fifth assignments of error except as to the question of the alleged insufficiency of the evidence to support the finding and judgment which was presented by defendant's motion for a new trial. By the agreed statement of facts it was, among other things, agreed in substance that the City of Miami is a municipal corporation duly incorporated under the laws of the State of Florida, situated

wholly within Dade County; that the board of county commissioners of said county did on the 5th day of August, 1915, after having ascertained and determined the amount of money to be raised by taxation for county purposes for said year, adopt a resolution fixing the millage for the various county purposes; that the millage fixed by them for the road fund was six mills; that there was collected under this levy for said year upon property within the City of Miami the sum of $25,534.93; that demand was made by the City of Miami on the said board of county commissioners in the month of January, 1916, for one-half the amount so realized; that prior to said demand said board of county commissioners had appropriated all of the moneys realized from this tax, under the budget prepared by them, to the construction and repair of roads, bridges and ferries in said county and prior to said demand had drawn warrants for said purpose against said fund sufficient in amount to exhaust it, and that said county had not paid any part of said amount to said city This is sufficient to establish the liability of the county to the city for the amount which the county should pay to the city under the provisions of the statute, and it is no answer to the city's demand for the county to say that it had appropriated this money to some other purpose. By the express provisions of the statute "one-half the amount so realized from said special tax on the property in incorporated cities and towns shall be turend over to said cities and towns," and the county has no right to appropriate such moneys to any other purpose and can not by attempting to do so defeat the city's claim to such moneys or escape liability to the city therefor. The statute fixes the city's rights and the county's liability.

At the oral argument it was suggested that to pay over moneys realized by the county from this tax to be used by the city in "repairing and maintaining roads and streets" would be a diversion *pro tanto* of this fund to other than a county purpose and that the statute authorizing it is obnoxious to the provisions of Section 5 of Article 9 of the Constitution and therefore unenforcible. But the contrary was expressly held by this court in the case of County Commissioners of Duval County v. City of Jacksonville, 36 Fla. 196, 18 South. Rep. 339. In that case which is similar to this one except that the proceeding there was by mandamus on the question under consideration the court said: "It is true that there may be a distinctively municipal purpose, as distinguished from county purpose, and, in our judgment, the Constitution of the State recognizes such distinction, but in reference to the laying out and maintenance of public streets, or municipal highways, over which not only the people of the municipality, but of the entire county, can travel, it can not be said, we think, that they are so distinctively and exclusively a municipal purpose as to render it impossible for the Legislature to authorize the counties to devote revenue raised by county taxation for public roads on the property situated within the municipalities to the maintenance of the public streets therein. The result of this conclusion is, that the proviso in question is not in conflict with Section 5 of Article IX of of the Constitution."

It was also suggested at the oral argument that a county may not be made a defendant in an action of this kind, and that although the question of the county's alleged immunity from suit was not presented by the pleadings nor called to the attention of the court below,

that nevertheless the question is jurisdictional and may be considered by this court. It is true that a county may not be sued in the absence of a statute authorizing it. But by Section 773, General Statutes of 1906, it is provided that "the county commissionsre of the several counties shall sue and be sued in the name of the county of which they are commissioners," and in construing this statute in the case of Payne v. Washington County, 25 Fla. 798, 6 South. Rep. 881, this court said: "Since the statute of 1881, McClellan's Dig. 319, Sec. 21 (the statute quoted above, there has been no question as to the right of suit against a county by one to whom it is legitimately indebted." That the claim by the city against the county in this case is legitimate indebtedness of the county is clear, and the suit against the county upon it is, therefore, authorized by the statute. In the case of Keggin v. Hillsborough County, 71 Fla. 356, 71 South. Rep. 372, the action was *ex delicto*. The opinion in that case considers only the right to maintain such an action against a county and holds, in effect, that the statute being in derogation of the common law under which counties may not be sued, must be strictly construed and, being so construed, will not be held to authorize actions *ex delicto* against counties in this State.

From what we have said it follows that the judgment must be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, JJ., concur.