H. R. SNAPP v. POLK CANNING COMPANY.

161 So. 269.
Division B.
Opinion Filed May 6, 1935.

246

*Joseph E. Williams,* for Plaintiff in Error;

*MacFarlane, Jackson, Hansbrough* and *Ferguson,* for Defendant in Error.

BUFORD, J.—Writ of error is from a judgment entered on sustaining demurrer to an amended declaration. The grounds of demurrer were two, as follows:

"First, said declaration states no cause of action against the defendant.

"Second: It affirmatively appears from the allegations of the declaration that the plaintiff was negligent and that said negligence by the plaintiff contributed to the proximate cause of the collision described in the declaration."

The order sustaining the demurrer indicates that the demurrer to each and every count of the declaration was sustained on ground two. It will not be necessary to quote every count of the declaration. Quoting the first count, which is in the following language, will suffice:

"For that, whereas on to-wit: The 28th day of January, A. D. 1934, the said defendant was the owner of a certain automobile truck and said defendant did on said date, to-wit: January 28th, A. D. 1934, by and through its servant and employee, who was then and there acting within the scope of his employment, unlawfully, carelessly and negligently stop said truck for convenience or repair in the nighttime on a certain paved public road, known as State Highway No. 17, about three miles east of Plant City, Florida, in Hillsborough County, Florida, and did then and there unlawfully, carelessly and negligently park and leave said automobile truck standing upon said public road, with all four wheels on the paving of said public road and without any tail or rear light, or other light, lights or signal of any kind or character to warn or apprise the plaintiff or other travelers of the presence of said automobile truck

on said public road. That on said date aforesaid, to-wit: January 28th, A. D. 1934, the plaintiff was the owner of a certain Chevrolet coach and was driving the same in a careful and prudent manner along said public road, in Hillsborough County, Florida, in a westerly direction towards Plant City, Florida, and while traveling along said public road on said date at about 12:45 o'clock A. M., in a careful and prudent manner as aforesaid, ran into and against the said automobile truck of the defendant, thereby greatly damaging and wrecking the said automobile of the plaintiff, and plaintiff was thrown therefrom to the ground with great force and violence, fracturing or breaking his jaw in three places, fracturing his skull, knocking out the greater portion of the teeth of the plaintiff, cutting and maiming the plaintiff about his face, and arms, and otherwise shocking, bruising and injuring the plaintiff both externally and internally.

"Plaintiff avers that as the result of said injuries, caused as aforesaid by the unlawful, careless, and negligent acts of the defendant as aforesaid, he suffered much physical pain and mental anguish and will continue to suffer for a long time to come, was caused to lose much time from his business and will continue to lose much time from his business in the future, was permanently injured and disfigured, his earning capacity has been greatly diminished, and he has been rendered less able to earn a livelihood, and he has been put to great expense in medical and hospital bills in an endeavor to cure and heal himself of his injuries occasioned as aforesaid.

"Plaintiff avers that his said injuries and damages were caused directly as a result of the unlawful acts, carelessness, and negligence of the defendant as aforesaid and the plaintiff was injured as above set out.

"Wherefore plaintiff sues defendant and claims damages in the sum of $5,000.00."

In no count of the declaration is there any allegation of facts indicating contributory negligence on the part of the plaintiff more than those allegations contained in the count above quoted and, as we construe the declaration, it does not show upon its face that the plaintiff was guilty of contributory negligence, or that any negligence on his part caused the injury.

Therefore, the judgment should be reversed and the cause remanded with directions that it be returned to the rolls for further proceedings in accordance with law and the rules of practice.

It is so ordered.

Reversed and remanded.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.