KATIE L. MUSE, *et al.*, v. KALER BROS., INC., *et al.*

162 So. 507.
Division B.
Opinion Filed June 25, 1935.

*E. F. P. Brigham,* and *William K. Whitfield,* of Tallahassee, for Plaintiffs in Error;

*Patterson, Blackwell & Knight,* for Defendants in Error.

PER CURIAM.—The judgment in this case should be reversed on the authority of Snapp v. Polk Canning Co., 119 Fla. 245, 161 Sou. Rep. 269, wherein it was held that a declaration in an action at law for injuries sustained in a collision between plaintiff's automobile and defendant's

truck is not demurrable where the declaration does not show on its face that plaintiff was guilty of contributory negligence *as a matter of law,* under the circumstances and facts pleaded in the declaration showing how the injury was sustained.

In this case the plaintiffs allege that they were not operators of, but *mere passengers in,* an automobile which overtook and attempted to pass defendant's truck from the rear; that after the driver of the defendant's truck knew, or ought to have known, that the automobile in which plaintiffs were riding had reached a point approximately opposite to the defendant's truck on the left hand side thereof, and at a time when the driver of the overtaking automobile, one Gladys Muse, was attempting to drive past defendant's truck in a prudent, careful and cautious manner, the defendant's truck driver suddenly and without warning, so negligently and carelessly operated, drove and ran defendant's truck from the right to the left hand side of the highway as to force the car in which plaintiffs were riding off the highway in order to avoid a collision, thereby overturning same and injuring plaintiffs who were riding in said car belonging to said Gladys Muse, the driver thereof, over whose operation of said auttomobile they neither exercised nor attempted to exercise any control whatsoever.

There is nothing in the declaration to which demurrers were sustained to show that plaintiffs, mere passengers in another person's car, were chargeable with contributory negligence on the part of the driver of the car in which plaintiffs were at the time riding, nor is there anything in the declaration to make out contributory negligence as a matter of law on the part of the driver herself. See Seaboard Air Line Ry. Co. v. Watson, 94 Fla. 571, 113 Sou. Rep. 716.

Chapter 9156, Acts 1923, makes it the duty of truck op-

erators to so equip each truck with mirrors located in such position as to show the driver thereof the approach of faster moving vehicles about to overtake such truck from the rear while it is in operation. This statute is in recognition of the commonly known fact that trucks, being slow moving vehicles, and being limited by law to a less rate of speed than passenger cars, are liable at any and all times to be overtaken and passed by faster moving automobiles, particularly passenger-carrying automobiles, and therefore the effect of the statute is to impose on truck operators the duty of anticipating the approach from their rear, and to enjoin on them the responsibility for avoiding collisions with their trucks when so overtaken, by holding their trucks to the right hand side of the road when being overtaken by automobiles that are in the act of passing such trucks when moving at a slower rate of speed on the highway than other traffic.

The second amended declaration in this case is not insufficient in law, therefore, it was error to sustain a demurrer to it.

Reversed for approrpiate proceedings.

ELLIS, P. J., and TERRELL, and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN, and DAVIS, J. J., concur in the opinion and judgment.