WILLIE SCOTT v. S. E. STONE, as Sheriff of Volusia County.

176 So. 852.

Division A.

Opinion Filed November 4, 1937.

Rehearing Denied November 27, 1937.

*M. S. McGregor,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Tyrus A. Nor-wood,* Assistant Attorney General, for Respondent.

Buford, J.—We review judgment of Circuit Court in and for Volusia County remanding petitioner in habeas corpus proceedings.

The affidavit on which petitioner was tried and convicted was in the following language: "Before the subscriber, a justice of the peace in and for said district and County, personally came Roy Clifton, a deputy sheriff, who being duly sworn, says that one Willie Scott, on the 30th day of September, A. D. 1936, in the county and district aforesaid, did then and there operate a motor truck upon the highway of this state, said motor truck not properly equipped with a rear-view mirror in such position as to show the driver thereof the approach of vehicles from the rear, to-wit: a Ford 2-ton truck on the Dixie Highway or Florida State Highway No. 4, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Florida."

It is the contention of Petitioner that Chapter 10186, Acts of 1925, repealed that part of Section 1 of Chapter 9156, Acts of 1923, reading as follows: "Each such truck shall be equipped with a mirror located in such position as to show the driver thereof the approach of vehicles from the rear."

The title of Chapter 9156, *supra,* was: "An Act Prescribing Certain Regulations for the Use of and Traffic on State Roads; Prohibiting the Use of Certain Vehicles on Such Roads; Requiring the Equipment of Trucks with Mirrors and Specifying How the Same Shall be Installed; Fixing the Maximum Weight of Load that May be Carried on Such Roads; Defining the Term 'State Road' and

Fixing Penalties for the Violations of any of the Terms Hereof."

The title of Chapter 10186, *supra,* is: "AN ACT to Regulate the Operation of Motor Driven and Other Vehicles on the Public Highways of the State of Florida and to Provide for the Enforcement, and Punishment for the Violation of this Act."

The two titles indicate that the Acts cover different fields, and therefore, the latter does not repeal the former or supersede its provisions, unless the provisions of the latter Act are repugnant to the provisions of the earlier Act. There is nothing in Chapter 10186, *supra,* which indicates that it was the legislative intent to repeal or supersede that part of the title and provisions of Chapter 9156, *supra,* requiring trucks to be equipped with rear-view mirrors.

In Sanders v. Howell, 73 Fla. 563, 74 Sou. 802, we held:

"One statute will not be held to repeal a former one unless there is a positive repugnancy between the two, or the latter was clearly intended to prescribe the only rule which should govern the case provided for, or it revises the subject matter of the former, or expressly repeals it.

"The invariable rule of construction in respect to the repealing of statutes by implication is that the earliest Act remains in force, unless the two are manifestly inconsistent with and repugnant to each other.

"Repeals by implication are not favored, and in order that the court may declare that one statute repeals another by implication, it must appear that there is a positive repugnancy between the two, or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject matter of the former."

See also Sparkman v. State, 71 Fla. 210, 31 Sou. 34.

In Muse, *et al.*, v. Kaler Bros., *et al.*, 120 Fla. 221, 162 Sou. 507, we had this statute under consideration and said:

"This statute is in recognition of the commonly known fact that trucks, being slow moving vehicles, and being limited by law to a less rate of speed than passenger cars, are liable at any and all times to be overtaken and passed by faster moving automobiles, particularly passenger carrying automobiles, and therefore the effect of the statute is to impose on truck operators the duty of anticipating the approach from their rear, and to enjoin on them the responsibility of avoiding collisions with their trucks when so overtaken, by holding their trucks to the right hand side of the road when being overtaken by automobiles that are in the act of passing such trucks when moving at a slower rate of speed on the highway than other traffic."

No reversible error is disclosed by the record, so the judgment should be affirmed.

So ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.