CECIL A. TURNER, *et al.*, v. STATE, *ex rel.* PAUL M. MARTENS, etc., *et al.*

185 So. 831.
Division A.
Opinion Filed March 10, 1938.
Rehearing Granted July 27, 1938.
On Rehearing December 16, 1938.
Further Rehearing Denied February 10, 1939.

*Hudson & Cason* and *G. M. McNutt,* for Plaintiffs in *Error;*

*Ross Williams* and *E. N. P. Brigham* for Defendants in Error.

TERRELL, J.—Defendant in Error Lucile Goddard was appointed Assistant Probation Officer of Dade County as provided by Chapter 16104, Acts of 1933, and prior Acts relating to said appointment. The Legislature of 1933 enacted Chapter 16103, relating to probation officers and their assistants in certain counties of the State. The County Commissioners of Dade County contending that this act was the controlling law on the subject declined to recognize and pay Lucile Goddard her salary. She brought this proceeding in mandamus to coerce payment.

The sole question urged for adjudication turns on that of whether or not Chapter 11359, Acts of 1925, a local law relating to Dade County was repealed by Chapter 16103, Acts of 1933. a general law relating to the same subject matter but potentially State wide in its operation.

The Courts generally recognize that factual conditions determine whether a subsequently enacted general law will repeal a previously enacted local or special law on the same

subject matter. Langston v. Lundsford 122 Fla. 813, 105 So. 898; Pillans & Smith Co. v. Lowe, 117 Fla. 249, 157 So. 649, 25 R. C. L. 927.

The title to Chapter 16104, Acts of 1933, is as follows:

"An Act for the Appointment, Compensation, Expenses, Duties, and Powers of a Probation Officer and Assistant Probation Officers in All Counties of the State of Florida Having a Population of One Hundred Fifty-five Thousand (155,000) Inhabitants or More According to the Last Preceding State or Federal Census and Providing for the Repeal of Chapter 12009, Laws of Florida, and for the effective date of this Act."

On its face, both the title and body of the act are limited to the appointment, duties, and compensation of probation officers and their assistants and purport to repeal all laws in conflict therewith. As to its subject matter, it is in conflict with Chapter 11359, Acts of 1925, and the Court below held that it repealed the latter Act.

As to whether or not the factual situation reveals a clear intent on the part of the legislature to repeal the said Act of 1925, a very close question is raised, one that could be resolved either way and strongly supported. To reverse the trial court would amount to nothing more than substituting our judgment for his on a matter that authorities could be marshalled to support his judgment as strongly as ours could be supported.

Under such circumstances, we do not think the judgment below should be disturbed so it is hereby affirmed.

Ellis C. J., and Buford, J., concur.

Whitfield, P. J., and Chapman, J., concur in the opinion and judgment.

Brown, J., dissents.

## On Petition for Rehearing

Buford J.—This case is before us on petition for rehearing. I think that the rehearing should be granted because this Court said in the opinion filed herein March 10, 1938, "As to whether or not the factual situation reveals a clear intent on the part of the legislature to repeal the said Act of 1925 a very close question is raised, one that could be resolved either way and strongly supported * * * ."

Where the legislative intent is relied upon to determine whether or not the legislature did or did not intend to repeal a then existing statute, the intent to repeal must be established by a clear showing. See State and Jackson County v. Southern Land & Timber Co., 45 Fla. 374, 33 Sou. 999; Dade County v. City of Miami, 77 Fla. 786, 82 Sou. 751; Scott v. Stone, 129 Fla. 784, 176 Sou. 852.

Rehearing granted.

Ellis, C. J., and Whitfield, Brown and Chapman, J. J., concur.

Terrell, J., dissents.

## On Rehearing.

Buford, J.—This case is before us after oral argument on rehearing granted pursuant to our opinion filed herein on March 10, 1938. In that opinion we said:

"As to whether or not the factual situation reveals a clear intent on the part of the legislature to repeal the said Act of 1925, a very close question is raised, one that could be resolved either way and strongly supported. To reverse the trial court would amount to nothing more than substituting our judgment for his on a matter that authorities could be marshalled to support his judgment as strongly as ours could be supported."

The question presented is properly stated in our former opinion as being whether or not Chapter 11359, Acts 1925,

a local law relating to Dade County, was repealed by Chapter 16104, Acts of 1933.

The title of the latter Act is stated in our former opinion.

The well established rule, and one which has been uniformly followed in this jurisdiction for a great number of years is that a Special Act is not repealed by a later General Law, unless the intent to repeal is clearly shown. See State v. Southern Land & Timber Co., 45 Fla. 374, 33 Sou. 999; State v. Sanders, 79 Fla. 835, 85 Sou. 333; Langston v. Lundsford, 122 Fla. 813, 165 Sou. 898; Dade County v. City of Miami, 77 Fla. 786, 82 Sou. 354; Pillans & Smith Co., Inc., v. Lowe, 117 Fla. 249, 157 Sou. 649; American Bakeries Co. v. Haines City, 131 Fla. 790, 180 So. 524. We must admit that we did not give full effect to this rule in our former opinion, which fact is shown on the face thereof by our statement hereinabove quoted.

On further consideration of the question involved, we must admit that it is not clearly shown that there was a legislative intent to repeal Chapter 11359, Acts of 1925, but, on the contrary, the title to the Act gave notice to the members of the legislature, and to others interested, that the Act provided only for the repeal of Chapter 12009, Laws of Florida, which was a Special Act applying only to Duval County and at the time of the passage of Chapter 16104, Acts of 1933, Duval County was the only county to which it applied. We do not mean to hold that this condition constitutes conclusive evidence that it was not the intention of the legislature to repeal Chapter 11359 Acts of 1925, but that it does constitute some evidence that such was not the intent of the legislature; nor is it necessary that such intent be shown. The requirement is to the contrary; that is, that it must be shown that it was the intent of the legislature to repeal the former Special Act.

There was nothing in the title of the Act to indicate to

the members of the legislature from Dade County that the Special Act under which Dade County was then operating in connection with the subject matter of the Act was to be disturbed by the passage of this Act.

It has not been made to clearly appear that it was the legislative intent by the enactment of Chapter 16104, Acts of 1933, to repeal Chapter 11359, Acts of 1925, a local law applying to Dade County only.

Therefore, it follows that the judgment must be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

WHITFIELD, and BROWN, J. J., concur.

THOMAS, J., concurs specially.

TERRELL and CHAPMAN, J. J., dissent.

THOMAS, J. (concurring)—Without benefit of the oral argument in the above case, I am of the opinion that the conclusion reached by the Court is correct.