ROBERTS, Justice.
This case is before us on direct appeal from a decision of the Circuit Court of the Fifteenth Judicial Circuit which directly passed upon the validity of a state statute. We have jurisdiction under Article V, section 3(b), Fla.Const., F.S.A.
Pursuant to published notice which first appeared in The Palm Beach Post newspaper on March 13, 1970, House Bill 5233 was introduced as a local bill in the Florida Legislature. That notice was as follows :
NO. 787
A bill to be entitled
An Act relating to professional negotiations for firemen in Palm Beach County; defining certain terms; establishing the right to organize and bargain collectively; providing for recognition of bargaining agents; providing for arbitration board; providing for composition of hearings by and expenses of the board; providing that the decisions of the board shall be advisory; defining collective bargaining contract; providing that firemen under the act shall not strike; providing for requests for collective bargaining; providing a savings clause, repealing conflicting laws; providing an effective date.
Palm Beach County Council of Firefighters Legislature Chairman
L. E. Hoffman
Pub. March 13, 1970
The published notice failed to state whether House Bill 5233 was general or special legislation, or whether there was any intention to seek enactment thereof.
On October 9, 1970, at a Special Session the Legislature, enacted into law, over the veto of the Governor, House Bill 5233, entitled as follows:
“An Act authorizing firemen employed by any municipality, fire district, port authority or other governmental entity in Palm Beach County to organize and collectively bargain through an agent selected by them with respect to wages; working conditions; containing definitions; providing that firemen shall not strike; providing a savings clause, providing for judicial relief; providing an effective date.”
and which became chapter 70-1004, Special Acts, Extraordinary Session, 1970.
The appellee then petitioned the town to recognize it (appellee) as the sole and exclusive bargaining agent for the firemen of the Town of Palm Beach. The town replied that it did not consider ch. 70-1004 to be valid law because, among other things it would require the town to recognize the appellee as the sole bargaining agent for all personnel of the fire department.
Controversy then arose and as a result, the town was in doubt as to its rights and obligations and initiated a suit for declara *249 tory judgment. A final judgment adverse to the appellee was entered on November 30, 1971, wherein the trial court found that the published notice relating to the special act designated as House Bill 5233 failed to conform with and meet the requirements of § 10 of Article III of the Florida, Constitution (.1968) and § 11.02, Fla.Stat., F. S.A. Appellee moved for a rehearing and as a result of the rehearing, the trial court reversed the final judgment, in its order of April 7, and held the act to be constitutional. That judgment is brought here for review.
By this appeal we are asked to decide: (1) Whether the notice published prior to the adoption of ch. 70-1004 was sufficiently definite to comply with the requirements of Art. 3, § 10, Fla.Const. (1968);' (2) Whether ch. 70-1004 violates Art. I, § 6, Fla.Const. (1968) by allegedly allowing a majority of the firefighters to select the bargaining agent for all the firefighters; (3) Whether ch. 70-1004 violates Art. Ill, § 11(a) (10), Fla.Const. (1968) by regulating an occupation already regulated by a state agency.
During the pendency of this litigation and in 1972 the Legislature enacted as a general law ch. 72-275, Laws of Florida, (now Fla.Stat. §§ 447.20-447.35, F.S.A.) known as the Fire Fighters Bargaining Act. By the terms of this act
“. . . any full-time permanently employed classified member of any fire department or fire fighting unit of any municipality, county, metropolitan government, or fire district, employed to engage in the extinguishment, prevention or suppression of fires .... shall have the right to bargain collectively with their respective . . . . counties. . . ."
This language of 72-275 is clearly intended to replace the provision of ch. 70-1004,
“. . . uniformed and permanent paid members of any fire department of any municipality corporation, fire district, port authority or other governmental entity in Palm Beach County whose primary function is to extinguish fires. . . ."
An examination of both acts reveals such extensive duplication that we cannot rationally attribute to the legislature an intent to enact the general law and not include Palm Beach County within its provisions.
Normally the maxim generalia spe-cialibus non derogant would apply, thereby retaining the effectiveness of the special act notwithstanding a subsequent general act on the same subject. However, where the general act is an overall revision or general restatement of the law on the same subject, the special act will be presumed to have been superseded and repealed. See Sanders v. Howell, 73 Fla. 563, 74 So. 802 (1917), Stewart v. DeLand-Lake Helen Special Road and Bridge District, 71 Fla. 158, 71 So. 42 (1916), Apalachicola v. State, 93 Fla. 921, 112 So. 618 (1927).
Thus we have before us a general act that is such an overall revision and re-enactment that the legislature must have intended for the later general act to govern. See also Turner v. State, 135 Fla. 380, 185 So. 831 (1938).
Because of the enactment of ch. 72-275, Laws of Florida, which is a general law of restatement the constitutional questions presented in this appeal, become moot in that they relate only to special acts.
Involved also is the question of whether a bargaining agent represents all of the firemen or only those who make the selec *250 tion. By caveat we point to the direct answer found in chapter 72-275 which says:
“The association .... selected by the majority .... shall be recognized . . . .as the bargaining agent for those members of the said fire department who, without restraint or coercion so affirmatively choose." (italics supplied).
Therefore, it is our opinion and we hold that chapter 72-275, Laws of Florida 1972 controls and all of the questions sub judice are now moot so the appeal is
Dismissed.
CARLTON, C. J., and ERVIN, ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.