QUESTION:
May a county legally require a registered general contractor to take a local contractor's examination as a precondition to engaging in the business of contracting within the county, when the state registration authorizes such general contractors to perform in such county?
SUMMARY:
A county may require a state registered contractor (as distinguished from a contractor holding a certificate of competency from the state board) to comply with the county's local examination and licensing requirements as a condition precedent to engaging in the business of contracting in the county.
According to your letter, a state-registered general contractor is being required by Palm Beach County to take a contractor's competency examination to qualify to engage in the business of contracting within the county. This particular contractor is duly registered with the Florida Construction Industry Licensing Board of the Department of Professional and Occupational Regulation as a general contractor, authorized to perform in Broward, Martin, and Palm Beach Counties.
Section 1, Ch. 72-393, Laws of Florida, amended s. 468.105, F.S., to provide for the registration of persons who had not previously registered with the state board under the provisions of s. 468.105(1)(a), F.S. 1967. This new registration period extended one hundred eighty days from the effective date of the new amendment (August 1, 1972). Subsection (1) of 468.105 does not require an applicant to take an examination as a precondition to state registration. However, s. 468.105(1)(a) does provide that to be registered, the applicant shall file evidence of holding a current state or county occupational license or a current license issued by any municipality, city, or county for the type of work for which registration is desired. Paragraph (2)(a) of s. 468.105 provides that persons not engaged in contracting on the effective date of the act (Sept. 1, 1967) but later desiring to enter such business shall register with the state board. If the area in which the applicant desires to enter the contracting business has a local board which requires a local competency examination, the applicant shall comply with the local examination licensing requirements in the area and then file with the state board evidence of successful compliance with the local examination and licensing requirements. No examination shall be required by the state board for registration under that subsection. Chapter 72-393 did not expressly effect any modification or repeal of s. 468.105(1)(a) or (2)(a). The 1972 act did, however, expressly repeal s. 468.105(2)(b) relating to applicants for registration of general contractors desiring to enter the contracting business in areas which do not have a local board which requires a local competency examination.
At all times material to the instant question, the business of general contractors (among others) within Palm Beach County was regulated by, and such contractors were required to be examined and licensed by, Ch. 59-1705, Laws of Florida, as amended by Ch. 65-2055, Laws of Florida, and by Ch. 67-1876 (effective Oct. 1, 1967), Laws of Florida, which repealed and superseded Chs. 59-1705 and 65-2055, supra.
Chapter 72-393, Laws of Florida, does not refer to any of the several aforecited special acts, or to any other special or local law, generally or particularly, and does not purport to, or express any legislative intent to, repeal, supersede, preempt, or modify any provision of any special or local law inconsistent therewith. I am unable to perceive any legislative intent from the language of Ch. 72-393 or from the title of the act to limit the power of the counties pursuant to subsistent laws to regulate the business of contracting (general contractor) and to require competency examination and certification or licensing within their respective jurisdictions.
The original act, s. 468.105(1)(a), F.S., required a "grandfathered applicant" who applied in 1967 for state registration to file with the state board a local competency or regulatory license as a general contractor where a local municipal or county board was in fact licensing and regulating general contractors as a condition precedent to registration with the state board. See AGO 070-48. This is apparent by the language of the statute as follows:
"To be registered the applicant shall file evidence of holding a current state or county occupational license or a current license issued by any municipality, city or county of the state for the type of work for which registration is desired . . . ." (Emphasis supplied.)
Further, there is nothing in the 1967 statute, s. 468.105(1)(a), id., which in any way could be construed to repeal, restrict, limit, or supersede Palm Beach County's power under Chs. 59-1705, 65-2055, or 67-1876, Laws of Florida, to examine and license general contractors. Neither can it be said that Ch. 72-393, Laws of Florida, repealed, restricted, superseded, limited, or preempted Palm Beach County's power under Ch. 67-1876 (effective Oct. 1, 1967) to examine and license general contractors in that county.
The foregoing is evidenced by s. 468.113(2), F.S., which reserves to the county the specific right "to collect . . . examination fees from persons who are registered with the [state] board pursuant to local examination requirements." (Emphasis supplied.) It is well established that a special act is not repealed by a later general law unless a legislative intent to this effect is clearly shown. Turner v. State, 185 So. 831 (Fla. 1938). Additionally, ss. 468.113(6)(a) and 468.113(8) specifically give to the county the right to provide for local examinations so long as an applicant for local examination is also registered with the state board and also reserve to the county the right to create local boards in the future.
In reference to Ch. 72-393, Laws of Florida, there is nothing in that act which could be said to impliedly amend, modify, supersede, or preempt any of the pertinent statutes relating to local examination which are found in the 1967 law (Ch. 468, F. S.), i.e., ss. 468.105(1)(a), (2)(a) or 468.113(1), (2), (6), or (8). Rather, the 1972 amendments, Chs. 72-27 and 72-393, id., simply became a part of Part II of Ch. 468, F.S., with the amendatory sections or subsections taking the place of amended sections or subsections as a part of the original act, and operate with the unchanged sections and subsections or unchanged provisions of the statute as a whole according to the nature of the changed sections or language of those sections. See generally 30 Fla. Jur. Statutes s. 113.
The 1967 act, s. 468.105(1)(a), supra, did not purport to "grandfather" anyone into a local competency or regulatory license but rather to grandfather general contractors who had previously complied with local requirements into the state registration or licensing system. This is apparent from an examination of s. 468.113(1), (2), and (6), id., which clearly indicates that the 1967 act "grandfathered" individuals into the state registration system and nothing more. In its operation, Ch. 72-393, supra, was simply an extension of the 1967 act which in no way did anything different from that previously done pursuant to the 1967 act.
Under s. 468.106(6), supra, a contractor who has taken the state board's examination and holds a certificate of competency from the state board may engage in contracting in any area of the state. However, a contractor who has merely registered with the state board is not so entitled; and a county may lawfully require such individual to comply with all local licensing and examination requirements.
Therefore, a county may lawfully require a state registered general contractor to take a local contractor's examination as a precondition to engaging in the business of contracting within the county if the general contractor has not previously taken and passed a required local general contracting examination.