QUESTION:
Should the county pay its medical examiner, who is a salaried employee of the county, an expert witness fee in connection with testimony before the grand jury concerning an investigation of the state attorney?
SUMMARY:
A county is not liable for expert witness fees to its medical examiner for testimony given under subpoena before a grand jury in the capacity of an expert or skilled witness. A county medical examiner who appears and testifies before a grand jury as an expert or skilled witness under process of court is entitled to payment of expert witness fees as provided in s. 90.231, F. S. Section 406.09, F. S., which provides for the payment of expert witness fees to medical examiners testifying in civil actions or at a coroner's inquest as provided in s. 90.231, does not impliedly modify, limit or restrict the terms of s. 90.231 or its application to a medical examiner testifying before a grand jury under process of the court. Such expert witness fees are to be paid in the manner and in the amount prescribed by s. 90.231 and paid or disbursed as provided for in ss. 40.29-40.35, F. S. The state, having in legal effect commanded the witness to appear and testify before the grand jury, is liable for such expert witness fees.
Your question, as stated, is answered in the negative.
According to your letter of inquiry and supplemental letter, the county has received a statement for expert witness fees from its medical examiner for testimony before the grand jury. The medical examiner had been subpoenaed to appear before the grand jury in connection with an investigation concerning a murder charge and testified as an expert witness as to the cause of death of a deceased person or victim of criminal action. You express the view that s. 406.09, F. S., entitling the medical examiner to witness fees as provided in s. 90.231 when giving testimony in a civil action or at a coroner's inquest, operates to prohibit the county from paying expert witness fees to its medical examiner for expert testimony in any other judicial tribunal. You suggest that s.406.09 and its alleged implied prohibition prevail over the provisions of s. 90.231(2), F. S., requiring the payment of expert witness fees of at least $10 per hour to any expert or skilled witness subpoenaed to testify in such capacity before a grand jury. Your supplemental letter makes it evident that the medical examiner was subpoenaed to testify before the grand jury in the capacity of an expert or skilled witness.
Section 406.07, F. S., provides:
 District medical examiners and associate medical examiners shall be entitled to compensation and such reasonable salary and fees as are established by the boards of county commissioners in the respective districts.
The fees, salaries, and expenses of the medical examiner may be paid from any county funds under the control of the board of county commissioners, but payment for services to the medical examiner may be made by the state either in part or on a matching basis. Section 406.08, F. S. See also s. 925.09, F. S., which states that physicians performing certain autopsies upon order of the state attorneys are to be paid reasonable fees for such services from the county fine and forfeiture fund upon the approval of the county commission and the state attorney. Section406.11(1), F. S., authorizes the state attorney to request autopsies to be performed by the medical examiner.
Section 905.185, F. S., provides that, when required by the grand jury, the state attorney shall issue process to secure the attendance of witnesses. See also State v. Mitchell,188 So.2d 684, 687-688 (4 D.C.A. Fla., 1966), cert. discharged,192 So.2d 281 (Fla. 1966), as to the common law rule and the implied constitutional and statutory authority and duty of the courts and the state attorney with respect to the issuance and service of witness subpoenas to secure witnesses to testify before the grand jury. The machinery for obtaining state funds for paying witnesses appearing before the grand jury and the manner of payment of such witnesses is provided for by ss. 40.29-40.35, F. S.
Section 90.231, F. S., which provides generally for `expert witness fees,' states:
 (1) The term `expert witness' as used herein shall apply to any witness who offers himself in the trial of any civil action as an expert witness or who is subpoenaed to testify in such capacity before a state attorney in the investigation of a criminal matter, or before a grand jury, and who is permitted by the court to qualify and testify as such, upon any matter pending before any court.
 (2) Any expert or skilled witness who shall have testified in any cause shall be allowed a witness fee including the cost of any exhibits used by such witness in the amount of $10 per hour or such amount as the trial judge may deem reasonable, and the same shall be taxed as costs. (Emphasis supplied.)
[The transfer of s. 90.231, F. S., to s. 92.231, F. S., by s. 3, Ch. 76-237, Laws of Florida, has been postponed by Ch. 77-77, Laws of Florida, until July 1, 1978.]
Statutes which relate to the same subject without positive inconsistency or repugnancy should be construed together with and in harmony with any other statute relating to the same subject or having the same purpose, even though not enacted at the same time. Mann v. Goodyear Tire and Rubber Co., 300 So.2d 666 (Fla. 1974); Garner v. Ward, 251 So.2d 252 (Fla. 1971). Therefore, ss. 406.07,406.08, and 925.09, F. S., construed in proper context, provide for the compensation to a medical examiner for performing examinations, autopsies, and other clinical or laboratory investigations and services in connection with a determination as to the cause of death in the circumstances prescribed in ss.406.11 and 925.09, F. S. Sections 406.07, 406.08, and 925.09, F. S., do not, however, encompass witness fees, expert or otherwise, for medical examiners. Therefore, these sections do not expressly or by necessary implication authorize or require the county to pay its medical examiner expert witness fees from county funds for testifying before a grand jury.
Section 406.09, F. S., provides for the payment of expert witness fees to medical examiners testifying in civil actions or a coroner's inquest as provided in s. 90.231, F. S. The adverb `as' in this context means `in the same manner, in the manner in which' prescribed by s. 90.231. Black's Law Dictionary 145 (4th rev'd ed.); Van Pelt v. Hilliard, 78 So. 693, 697 (Fla. 1918); and see
Terry v. Ferreria, 51 So.2d 426 (Fla. 1951), defining the phrase `in the same manner' to mean one of procedure, not of restriction or limitation, and to mean by similar proceedings to the extent that such proceedings are applicable.
Section 406.09, F. S., is not cast in restrictive or prohibitory terms and does not appear to require, as the county contends, any construction which prohibits the payment of expert witness fees (authorized or required by other statutes) except in those instances specifically prescribed in s. 406.09. Furthermore, the language of s. 406.09 does not in terms appear to effect an implied repeal, modification, or limitation on s. 90.231, F. S., as that section relates to grand jury investigations or to a medical examiner testifying as an expert witness before a grand jury under process of the court. In fact, s. 406.09 does not relate to the payment of expert witness fees for testifying before the grand jury or otherwise deal with the same subject as s. 90.231. The two statutes thus are not positively repugnant and, accordingly, the rules applicable to implied repeal, modification, or limitation do not apply to or control the instant question.
 Before the court may declare that one statute amends or repeals another by implication it must appear that the statute later in point of time was intended as a revision of the subject matter of the former, or that there is such a positive and irreconcilable repugnancy between the law as to indicate clearly that the later statute was intended to prescribe the only rule which should govern the case provided for, and that there is no field in which the provisions of the statute first in time can operate lawfully without conflict. [Miami Water Works Local No. 654 v. City of Miami, 26 So.2d 194, 196 (Fla. 1946).]
Accord: Sweet v. Josephson, 173 So.2d 444 (Fla. 1965); Scott v. Stone, 176 So. 852 (Fla. 1937). Section 406.09 simply bestows entitlement to the same expert witness fees payable for testifying before a grand jury to a medical examiner who testifies at a coroner's inquest or in a civil action. Such fees are payable in the manner and amount prescribed by s. 90.231, rather than under such statutes as ss. 936.11 and 936.17, F. S., which provide for medical testimony at coroner's inquests and post mortem examinations and compensation therefor from the county fine and forfeiture fund. While the county is liable for expert witness fees for its medical examiner's testimony at a coroner's inquest at the prescribed $10 flat rate under s. 936.17, s. 406.09
operates to require that such expert witness fees be paid at the prescribed rate or amount provided for by s. 90.231.
Section 406.09, F. S., also authorizes the same fees in the amount and manner as provided in s. 90.231, F. S., for expert testimony in civil actions. These fees, however, are payable by the party to the civil action who calls the expert witness and are ultimately taxed as costs by the court in favor of the prevailing party and against the losing party. Moreover, s. 406.09 has nothing to do with the costs, mileage, transportation, or witness fees and expenses for which the state is liable in proceedings before the grand jury or the process of the court for witnesses before the grand jury. Section 90.231 provides the only legal authorization or requirement under which a physician, including a medical examiner, is to be paid expert witness fees when subpoenaed to testify as an expert or skilled witness before a grand jury. With respect to the instant inquiry, the legal effect is that the state has commanded the witness to appear and testify before the grand jury; the state, therefore, is liable for the costs and witness fees incurred under the process of its court as is provided by law. Cf. AGO's 058-313 and 074-301. The county is not involved; thus, ss. 406.07, 406.08, 406.09, and 925.09, F. S., are not applicable to such cases where a grand jury subpoenas a witness to appear before it and give evidence. Moreover, the foregoing statutory sections do not appear to operate as a modification of or limitation on s. 90.231.
Accordingly, I am of the opinion that, in the absence of a judicial determination to the contrary, a county medical examiner who appears and testifies before a grand jury as an expert or skilled witness under process of the court is entitled to payment of expert witness fees as provided in s. 90.231, F. S. Moreover, it is the state, not the county, who is liable for such fees, and payment is to be made as provided for in ss. 40.29-40.35, F. S.
Prepared by: Joslyn Wilson Assistant Attorney General