Mr. Vernon McDaniel Chairman, Escambia County School Board
QUESTIONS:
1. Does ch. 80-377, Laws of Florida, effectively repeal ch. 76-356, Laws of Florida, which specifically relates to salaries of members of the Escambia County School Board?
2. If the answer to Question One is in the affirmative, what is the effective date?
SUMMARY:
Sections 18 and 20 of ch. 80-377, Laws of Florida, did not effect an implied repeal or modification of ch. 76-356, Laws of Florida, Special Acts of 1976, so far as it relates to the monthly salaries and per diem and mileage allowances of the members of the Escambia County School Board.
AS TO QUESTION 1:
Chapter 80-377, Laws of Florida, among other things, amended s. 145.041, F.S., which was transferred to s. 230.202, F.S. (1980 Supp.), by increasing the base salary and group rates for members of the district school boards, for all population categories. Chapter 76-356, Laws of Florida, is a special law relating to the Escambia County School District. Section 3, ch. 76-356 provides that `[t]he members of the School Board of the Escambia County School District shall receive a monthly salary not to exceed $200 and per diem and mileage as provided in s. 112.061, Florida Statutes . . . .' The salary provided by s. 230.202, F.S. (1980 Supp.), is in excess of $200 per month and does not provide for any per diem and mileage expenses and therefore these two laws are ostensibly in conflict if applied to the School Board of the Escambia County School District.
The general rule of statutory construction applicable in this situation is that a subsequent general act will not be held to impliedly repeal or modify an existing special act unless the general act is a complete revision of the same subject to unless the two acts are so irreconcilable or repugnant to each other as to clearly demonstrate a legislative intention to repeal or modify the prior law. See Jackson v. Consolidated Government of City of Jacksonville, 225 So.2d 497 (Fla. 1969); Turner v. State ex rel. Martens, 185 So. 831 (Fla. 1938); American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938); see also, Langston v. Lundsford,165 So. 898 (Fla. 1936); Sparkman v. State, 71 So. 34 (Fla. 1916); Zedalis v. Foster, 343 So.2d 849 (2 D.C.A. Fla., 1976).
Chapter 80-377, Laws of Florida, is an `act relating to the compensation of county officials' and purports to add district school board members `to a list of county officials whose compensation may not be changed by special laws or general laws of local application[.]' See the title and s. 18 of ch. 80-377. Section 18, ch. 80-377 did not, however, purport to repeal any preexisting special law or general law of local application. Section 230.202, F.S. (1980 Supp.), enacted by s. 20, ch. 80-377, does not purport to repeal any preexisting special law fixing or limiting the salary of the members of any particular district school board.
While s. 18, ch. 80-377, pursuant to s. 11(a)(21), Art. III, State Const., proposed to add members of district school boards to the list of county officials whose compensation cannot be affected by a special law or a general law of local application, it does not otherwise make evident any legislative intent to repeal any existing special law fixing or limiting the salaries of school board members or to override or preempt that field. Section 11(a)(21), Art. III, State Const., provides that there shall be no special law or general law of local application pertaining to `any subject when prohibited by general law passed by a three-fifths vote of the membership of each house.' Such law may only be amended or repealed by like vote. Section 18, ch. 80-377 failed to receive the necessary three-fifths vote in the House of Representatives and thus has no force and effect as a prohibition against special laws or general laws of local application pertaining to the compensation of members of district school boards. See Journal of the House of Representatives at 115 (1980 Regular Session). Furthermore, s. 18, ch. 80-377 did not purport to repeal any preexisting special laws or general laws of local application, and if such prohibition had received the necessary three-fifths vote of both houses, it would be prospective in application in the absence of a clearly expressed legislative intent to the contrary. See, e.g., Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978); Walker LaBerge Inc. v. Malligan, 344 So.2d 239 (Fla. 1977).
Therefore, ch. 80-377, Laws of Florida, has no effect upon the compensation and per diem and mileage allowance provided for members of the Escambia County School District in ch. 76-356, Laws of Florida, Special Acts of 1976. Sections 18 and 20, ch. 80-377, Laws of Florida, attempted to prohibit future special laws
pertaining to the compensation of members of school board districts and dealt with future laws increasing the base salary of district school board members. Chapter 76-356, Laws of Florida, on the other hand, deals with the size of the Escambia County School Board and additional school board members-at-large, nonpartisan elections of members of that school board, the employment by that school board of the superintendent for that school district, and limits the monthly salary of members of that school board and provides for per diem and mileage allowances. Thus, the prior special law and the subsequent general law do not deal with the same subject. See American Bakeries Co. v. Haines City,180 So. 524 (Fla. 1938). In these circumstances I am unable to conclude that ss. 18 and 20, ch. 80-377, Laws of Florida, have effectuated any implied repeal or modification of ch. 76-356, Laws of Florida, so far as it relates to the monthly salary limitation and the per diem and mileage provisions for members of the Escambia County School Board.
AS TO QUESTION 2:
Because Question 1 is answered in the negative, it is unnecessary that I respond to Question 2.
Prepared by: Craig Willis, Assistant Attorney General