SCHOOL DISTRICT NO. 11 OF ALPINE TOWNSHIP v. BATSCHE.

1. LANDLORD AND TENANT—OCCUPANCY OF PREMISES BY SERVANT —TENANCY BY SUFFERANCE—USE OF SCHOOLHOUSE FOR RESIDENCE OF TEACHER.

The occupancy of premises by an employé for the purpose of enabling him the better to perform the service of his employer, there being no letting in terms and no rent reserved,

does not create the relation of landlord and tenant between the parties, but the possession will be deemed to be that of the employer. The employé may, however, become a tenant at sufferance by holding over after the termination of his employment. So *held* where a teacher occupied a part of a school building as a residence by virtue of his contract with the district board to teach the school.

2. TENANCY BY SUFFERANCE.
   A person lawfully in possession **of** land, who holds over without right, becomes a tenant at sufferance, if the owner permits him to remain a sufficient length of time to imply an intentional acquiescence in the occupancy, although his previous holding was not that of a tenant.

Error to Kent; Grove, **J.** Submitted May 8, 1895. Decided September 26, 1895.

Summary proceedings by school district No. 11 of Alpine township against Aloys Batsche to recover the possession of certain premises. From a judgment for defendant, complainant brings error. Reversed.

*Wolcott & Ward,* for appellant.

*Francis A. Stace ( Carroll, Turner & Kirwin,* of counsel), for appellee.

MONTGOMERY, **J.** This proceeding was instituted before a circuit court commissioner to recover possession of the lower floor of a school building, the complaint alleging that the said school district is landlord of said premises, and that said Aloys Batsche is the tenant of said school district, and that said Aloys Batsche holds said premises unlawfully and against the right of said school district, and that said school district is entitled to possession of the same. The building in question is a two-story building; the school room being on the second floor, and the rooms beneath being occupied, in connection with the school room, by the teacher. In 1885, the defendant contracted with the district board to teach school for seven months, and, in pursuance of the contract, took posses-

sion of the building, the same as any teacher does. He
had possession of the keys of the building, and continued
to teach the school throughout the term, and remained
there afterwards, and has always from that time, until
the commencement of this suit, been in possession of the
building. Every year the district has contracted with
him, and he has continued to teach the school. The
school term ended in June, 1892, and August 31, 1892,
notice to quit was served. The case turned in the court
below upon the question of whether the relation of land-
lord and tenant existed. The circuit judge, being of the
opinion that it did not, directed a verdict, and complain-
ant brings error.

Numerous questions are discussed in the brief of the
complainant's counsel, but we think it cannot be fairly
said that the circuit judge was called upon to pass upon
anything more than the simple question of whether the
relation of landlord and tenant existed. Not only was
this the question presented by complainant's and defend-
ant's counsel as the sole question in the case, but the
complaint upon which this suit was founded was based
upon this relationship. This question, however, resolves
itself into two branches: *First,* was the occupancy in
the first instance as a tenant? and, *second,* was complain-
ant entitled to treat defendant's subsequent holding as
that of a tenant at sufferance?

It is fairly inferable from the statement made by com-
plainant's counsel below that the occupation of the
premises was incident to, and deemed essential for, the
performance of the duties of defendant as teacher. It
was not proposed to show that there was a distinct letting
of these premises occupied by defendant, or that any rent
was reserved. It has been held that under such circum-
stances the occupant's possession is that of the employer,
and that the relation of landlord and tenant does not
exist. *Rex* v. *Inhabitants of Cheshunt,* 1 Barn. & Ald. 473;
*State* v. *Curtis,* 4 Dev. & B. 222; *Stock's Case,* 2 Leach,

1015; *Haywood* v. *Miller*, 3 Hill, 90; *Kerrains* v. *People*, 60 N. Y. 221.   The case last cited is well reasoned, and, we think, notes the proper distinctions.   It states the case of *Hughes* v. *Parish of Chatham*, 5 Man. & G. 54, in which it was said:

"There is no inconsistency in the relation of master and servant with that of landlord and tenant.   A master may pay his servant by conferring on him an interest in real property, either in fee, for years, at will, or for any other estate or interest; and if he do so the servant then becomes entitled to the legal incidents of the estate, as much as if it were purchased for any other consideration."

But in the main case the court held that, where the occupancy of the house was for the purpose of enabling the servant the better to perform the service, the occupancy was that of the master, and not of the servant. We think that this is the rule in a case where, as in the present, there was no letting in terms, no rent reserved, and where it is clear that the purpose of the occupancy was to enable the employé to perform the service of his employer.   The case of *Bristor* v. *Burr*, 120 N. Y. 427, cited by counsel, does not overrule *Kerrains* v. *People*, but is entirely consistent with it, the court placing its conclusion in that case upon the ground that the relation of master and servant did not exist between the defendants and the plaintiff.

But we think that, upon the statement of counsel (upon which the case was decided below), a jury would have been justified in finding that defendant became a tenant at sufferance.   That such a relation may grow out of an occupancy by a servant is recognized in *Kerrains* v. *People*. In that case it was said, it is true, that, in order to have the effect to create a tenancy by sufferance, the occupancy must be sufficiently long to warrant an inference of consent to a different holding; but we are aware of no case which fixes the precise time within which such consent may be inferred.   In *People* v. *Annis*, 45 Barb. 304,

it was held that on the termination of the contract of service the continued occupancy of the servant must be deemed that of a tenant by sufferance. The court say:

"The contract for the service having been determined and an end put to it in this way, the right of occupancy under it went also, and was ended. The relator, after that, was in possession, not as a trespasser, but as one holding after his right of occupancy had been extinguished; and, of course, he became a tenant at will or sufferance."

It is contended by defendant's counsel that, in order to have an occupancy grow into a tenancy by sufferance, there must have been a tenancy originally created by agreement of the parties, and that, as no agreement *for a tenancy* ever existed, the relation cannot arise. We do not so understand the law. We think the rule is that a person in possession of land lawfully, who holds over without right, becomes a tenant at sufferance, if the owner suffers him to remain in possession a sufficient length of time to imply an intentional acquiescence in the occupancy, and it is not necessary that the previous holding be that of a tenant. An express consent to occupancy is not necessary to create such a tenancy. It is said in Wood on Landlord and Tenant (section 7):

"The tenancy is of such a nature as necessarily implies an absence of *any* agreement between the owner and the tenant, and if express assent is given by the owner to such possession the tenancy is thereby, *instanter*, converted into a tenancy at will, or from year to year, according to the circumstances."

A contract to pay rent is not essential to create the relation of landlord and tenant. Wood, Landl. & Ten. § 1.

It is suggested that, on the showing of complainant, the title to land came in question. But we think not. If the possession was received from complainant, defendant is not in position to raise a question of title. If it

was not, clearly the relation of landlord and tenant never existed.

Judgment will be reversed, and a new trial ordered.

The other Justices concurred.