PILLANS & SMITH CO., INC., v. N. E. LOWE and L. R. HAMPTON.

157 So. 649.
Opinion Filed November 14, 1934.

*W. E. Smith,* for Appellant;
*Alonzo P. Meadows,* for Appellees.

DAVIS, C. J.—N. E. Lowe, one of the appellees, verbally leased or rented certain premises belonging to the appellee, L. R. Hampton, for a period of one year. The rental was to be paid monthly at the rate of $35.00 per month. Lowe paid the first month's rent in advance and moved certain personal property belonging to him upon the premises leased. Thereafter, and before the end of the first month's occupancy of the premises, Lowe executed to the appellant, Pillans & Smith, Inc., a chattel mortgage covering the personal property of said Lowe which was then on the leased premises, together with certain other property, to secure a certain indebtedness. Lowe thereafter defaulted in the payment of the rent to Hampton and also in his payment of his chattel mortgage to appellant Pillans & Smith, Inc. This appeal is from a final decree of foreclosure rendered in a suit instituted by the mortgagee, Pillans & Smith, Inc., against Lowe and Hampton, in which decree the Chancellor held that the lien of the landlord for his rent was superior in dignity to that of the mortgagee under the chattel mortgage.

Chapter 15057, General Laws of Florida, Acts of 1931, amended Section 5431 C. G. L., 3567 R. G. S.,* to read as follows:

---

*Section 5431 C. G. L., 3567 R. G. S., was originally as follows: "Any lease of lands and tenements, or either, hereafter made, shall be deemed and held to be a tenancy at will unless the same shall be in writing signed by the lessor."

"That any lease of lands and tenements, or either, here-after made, shall be deemed and held to be a tenancy at sufferance unless the same shall be in writing signed by the lessor."

The contention of the appellant is that in view of the statute of 1931 making all verbal leases of land into tenancies at sufferance only, and not tenancies at will, that the landlord was not entitled to claim the landlord's lien upon property of the lessee usually kept on the premises, as provided for by Section 5420 C. G. L., 3556 R. G. S., which provides that such a landlord's lien shall be superior to any lien acquired subsequent to the bringing of the tenant's property on the premises leased.

A tenancy at sufferance at common law arose where a person coming into possession rightfully held over without right, and it was not necessary that the original occupancy should have been as tenant. School Dist. No. 11 of Alpine Tp. v. Batsche, 106 Mich. 330, 64 N. W. Rep. 196, 29 L. R. A. 576. A consent on the part of the land owner to the continued occupancy was not essential to the creation of a tenancy at sufferance, for indeed, if the occupancy was with the express or implied consent of the land owner the tenancy became a tenancy at will instead of a tenancy at sufferance. A tenant at sufferance had at common law no appreciable estate in the land, as the land owner could put an end to the tenancy whenever he thought proper and under certain circumstances could treat the one in possession as an intruder or trespasser. McLenan v. Benton, 73 Cal. 329, 14 Pac. Rep. 879, 2 A. S. R. 814; 35 C. J. 1134, 36 C. J. 370, 16 R. C. L. 619.

Under Section 5420 C. G. L., 3556 R. G. S., every person to whom rent may be due is given a lien for such rent upon the property found upon or off the premises leased or rented and in the possession of any person upon all property of

the lessee or his sub-lessee or assigns usually kept on the premises, said lien to be superior to any lien acquired subsequent to the bringing of such property on the premises leased. So the proposition to be decided is whether or not a verbal lease of lands for a period of time not longer than two years* can create a valid lien under Section 5420 C. G. L., 3556 R. G. S., in favor of the landlord upon the property of the lessee or his sub-lessee or assigns usually kept on the rented premises, superior to the lien of a chattel mortgage acquired subsequent to the bringing of the mortgaged property on the leased premises.

The intent of a legislative Act as deducible from its language and legislative setting is the law. And in construing an Act in its relation to a separate Act dealing with the same general subject matter, the intent of the Legislature to work a repeal of, or to render ineffective, a co-ordinate Act to the one under consideration (but apparently left unaffected by its provisions) should not be readily presumed.

Applying the foregoing consideration to the provisions of Section 5431 C. G. L., 3567 R. G. S., as amended by Chapter 15057, Acts 1931, when construed in relation to Sec. 5420 C. G. L., 3556 R. G. S., providing for landlord's liens for rent, it is plain that it was the intent of Chapter 15057, Acts 1931, in making all tenancies under verbal leases tenancies at sufferance only, instead of tenancies at will as formerly was the case under the statute before it was amended, to provide that tenancies under verbal leases should have all of the attributes of a tenancy at sufferance, and thereby give to the landlord the privileges he would enjoy as against the lessee if he were considered and dealt

---

*Section 5660 C. G. L., 3787 R. G. S., prohibits the creation of any estate or interest of freehold, or for a term of years of more than two years, except by a deed in writing, etc.

with as a tenant at sufferance, but otherwise to preserve the landlord's rights to a lien for his earned or accrued rent as provided by Section 5420 C. G. L.,' 3556 R. G. S. No intent to interfere with the operation of Section 5420 C. G. L., *supra,* is in anywise indicated by said Chapter 15057, *supra,* which neither repealed nor undertook to modify either Section 5420 C. G. L. or Section 5419 C. G. L., 3555 R. G. S., relating to the landlord's right to recover for the use and occupation of lands.

The Chancellor specifically found that the tenant, Lowe, had not surrendered the premises at any time before the expiration of the twelve months' verbal lease, thereby incurring a liability to the landlord for twelve months' rent at the rate of $35.00 per month. It was within the province of both landlord and tenant to thus mutually perform and carry out an unenforceable twelve months' verbal lease that had brought into existence, and continued during the entire lease period, a mere tenancy at sufferance that either party could have abandoned at any time, but which when fully performed and enjoyed for the lease period, entitled the landlord to his rent for that period and preserved to him his landlord's lien under Section 5420 C. G. L., 3556 R. G. S.

The decree below accords with the law as decided in this opinion and therefore should not be disturbed.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.