JUMP *v.* PILGRIM PROPERTIES, INC.

[No. 17,626. Filed October 27, 1947. Rehearing denied November 18, 1947. Transfer denied March 22, 1948.]

*Schortemeier, Eby, and Wood, and Robert K. Eby,* of counsel, all of Indianapolis, attorneys for appellant.

*Buschman and Roll, Willis K. Kunz,* both of counsel, of Indianapolis, attorneys for appellee.

DRAPER, J.—In January, 1946, the appellee employed the appellant as a building custodian, and as a part of the consideration for such services, and to facilitate the performance of his duties as such, furnished him with an apartment reserved for such use.

On March 15, 1946, the appellee notified the appellant that his services would terminate on the 31st by reason of his failure to perform his duties, and requested him to surrender the possession of the apartment at that time. The appellant terminated his services but refused to surrender possession. This action was instituted on May 14, 1946.

From a judgment of the Municipal Court of Marion County awarding appellee possession of the apartment, the appellant appeals and states the question for decision as follows: "Did the trial court have jurisdiction of the action?"

The Municipal Court has jurisdiction in possessory actions between landlord and tenant irrespective of the value of the property sought to be recovered. § 4-2502, Burns' 1946 Replacement.

The initial relationship between the parties was obviously that of master and servant. It has been said in Indiana that a servant occupying as in this case has no possession, since the possession of the servant is the possession of the master. *Heffelfinger* v. *Fulton* (1900), 25 Ind. App. 33, 56 N. E. 688; *Chatard, Bishop* v. *O'Donovan* (1881), 80 Ind. 20.

The relationship of landlord and tenant may, however, grow out of such an occupancy by the occurrence of a tenancy at sufferance, for the servant's occupancy was lawful in the beginning, and if he remains in possession after the employment terminates and his right of occupancy ends, he continues in possession not as a trespasser, but as one holding after his right of occupancy has been extinguished. The occupant is not changed *eo instanti* from a mere licensee to a tenant, however, for the element of delayed action or neglect on the part of the owner is involved; and whether the owner has suffered the former servant to remain in possession a sufficient length of time to raise an inference of intentional acquiescence in an occupancy different from the original depends upon the circumstances. The rule was well stated in *School Dist. No. 11* v. *Batsche* (1895), 106 Mich. 330, 64 N. W. 196, upon similar facts, as follows: ". . . a person in possession of land lawfully, who holds over without right,

becomes a tenant at sufferance, if the owner suffers him to remain in possession a sufficient length of time to imply an intentional acquiescence in the occupancy, and it is not necessary that the previous holding be that of a tenant." See also: Thompson on Real Property (Perm. ed.), § 1050; 35 C. J., Landlord & Tenant, § 376; *People* v. *Annis* (1866), 45 Barb. (N. Y.) 304; *Jennings* v. *McCarthy* (1891), 16 N. Y. S. 161; *Kerrains* v. *People* (1875), 60 N. Y. 221, 19 Am. R. 158; *Bristor* v. *Burr* (1887), 12 N. Y. St. 638; Aff'd 120 N. Y. 427, 24 N. E. 937. And it has been held in Indiana that a tenancy at sufferance need not be supported by a prior contract of letting. See *Work* v. *Brayton* (1854), 5 Ind. 396.

After the appellee discharged the appellant and requested him to surrender possession of the apartment, the appellee neither said nor did anything looking toward the recovery of the apartment until it filed this case on May 14, 1946. We are of the opinion that the lapse of time was sufficient, under the circumstances, to raise an inference of the appellee's intentional acquiescence in a holding of the apartment different from that originally agreed upon, and sufficient to constitute the appellant a tenant at sufferance.

The appellant relies strongly on the cases of *Heffelfinger* v. *Fulton, supra,* and *Chatard, Bishop* v. *O'Donovan, supra,* to sustain his position. In the Heffelfinger case it appeared that a farmer employed a farm hand, and permitted him to occupy certain buildings and fields as a part of his compensation, and to better enable him to perform the work. The farmer terminated the arrangement before the agreed time and, by self-help, put the servant and his goods into the street. Thereafter, the servant sued for damages and for a writ of restitution of said premises. The action

would not lie unless the servant had possession or the right thereto, and since he had neither, it was held that he could not successfully maintain the action. In that case the farmer took direct and immediate action. He did not by neglect or inaction suffer the servant to remain for any length of time whatever, and so the legal effect of so doing was neither considered nor decided in that case.

In the O'Donovan case it appeared that O'Donovan, a priest, was in possession of a parsonage and church in connection with his duties as such priest. The bishop, who owned the property and at whose discretion the priest's employment continued, removed him from his position as priest and served him with a one month's notice to vacate the premises, which he refused to do and the bishop sued for possession. The main issue was on the question of notice. No jurisdictional question was involved. The court pointed out that the relationship between the parties was akin to that of master and servant, and said the priest's right of occupancy terminated when the relationship ended. The court did not consider the legal effect of a holding over by the priest without right, in connection with delayed action or neglect on the part of the bishop, nor did the court hold that, following the termination of the master and servant relationship, and given circumstances such as existed in this case, the relationship of landlord and tenant could not arise.

Since the action was between landlord and tenant, the trial court had jurisdiction and the judgment is affirmed.

NOTE.—Reported in 75 N. E. 2d 167.