CONTINENTAL STEEL CORPORATION *v.* BURTON

[No. 17,648. Filed October 27, 1947.]

*James L. Murray,* of Indianapolis, for appellant.

*Thomas J. Corey,* of Indianapolis, for appellee.

DRAPER, J.—On December 13, 1945, the appellee sustained an accidental blow on the head while working for appellant. Following application for compensation such proceedings were had that the single member found a 20% permanent, partial impairment to the man as a whole, and entered an award accordingly. On review, the full board did likewise. This appeal followed.

Whether the accident caused a concussive injury to the brain which produced a permanent partial impairment became an important question of fact. Dr. Hahn examined the appellee on April 4, 1946. He testified before the single member on October 8, 1946, on behalf of the appellee, that in his opinion such injury was sustained, and produced a 20% impairment. Other medical testimony sharply conflicted, and at the close of

the hearing the appellant requested an order for another examination by Dr. Hahn, "with a view of presenting his evidence by deposition or by oral testimony before the board *or by report.*"

On October 11, 1946, an order was entered by the single member requiring appellee to submit to such examination, and "that said medical report is to be filed with the undersigned (single member) and to be made a part of the record of this cause."

Dr. Hahn made the second examination on November 8, 1946, and his report was filed December 6, 1946. The following day the single member made his award. Appellant applied for review by the full board and asked leave to introduce additional testimony by Dr. Hahn at the full board hearing. This was denied. The full board hearing was held on April 1, 1947, and the full board award was made May 2, 1947.

Dr. Hahn's original testimony was favorable to the appellee. His report made pursuant to his second examination of appellee was so unfavorable, if fully credited, as to endanger and perhaps destroy appellee's case.

The appellant asserts error in the board's refusal to permit Dr. Hahn to testify before the full board.

The statute authorizes the board, or any member thereof, on its own motion or the application of either party, to appoint a disinterested, qualified physician to examine the employee and testify in regard thereto § 40-1515, Burns' 1940 Replacement. No question concerning the doctor's disinterestedness is raised.

The appellant relies on *Boyer* v. *Overhead Door Corp.* (1940), 107 Ind. App. 679, 26 N. E. (2d) 572, in which this court said that if such an examination is made, the doctor should, after due notice to him and the parties, testify concerning it as a witness

under, oath; subject to examination and cross-examination. But in this case the appellant expressly requested that the doctor's evidence should be presented by testimony "or by report." Since it was so presented at appellant's invitation, he is in no position to complain.

Nor do we think the full board erred in refusing to permit Dr. Hahn to testify before it. Whether the full board will hear additional evidence is a matter within its sound discretion, reviewable only for an abuse thereof. *Schreiber* v. *Rickert* (1943), 114 Ind. App. 55, 50 N. E. (2d) 879. Appellant's expressed willingness to permit the introduction of Dr. Hahn's further findings by way of a report was not limited to the proceedings before the single member, and we cannot say the board abused its discretion in refusing to permit the doctor to amplify it orally.

The appellee says that by the acceptance of the report he was deprived of his right to cross-examine Dr. Hahn. But the appellee stood by and at no time objected to receiving Dr. Hahn's findings by way of a written report. He cannot gamble on a favorable report and assert error when it disappoints him.

It seems apparent from the record that the single member regarded the report as evidence and considered it as such. There is, however, nothing to indicate that it was treated as evidence or considered or weighed as such by the full board. The bill of exceptions does not contain it, nor is it set out as evidence or claimed to be such in the briefs. It does appear in the transcript in a different connection. We are not unmindful of *Russell* v. *Johnson* (1943), 220 Ind. 649, 46 N. E. (2d) 219, in which case a deposition included in the transcript, but not in the bill of exceptions, was held to merit consideration. In that case, however, it appeared that the deposition was in fact

considered by the board. In this case such does not appear.

It is provided in § 40-1511, Burns' 1940 Replacement that the full board shall review the evidence, or hear the witnesses, etc. If the board chooses to proceed by reviewing the evidence it should review all the evidence properly received and considered by the single member in reaching a decision.

We conclude the board did not err in refusing to permit Dr. Hahn to testify before it, but that the appellant is entitled to have the board consider and weigh the report as evidence in the case.

We add that in our opinion the circumstances surrounding this case are such that the board would be justified in now appointing one or more disinterested and qualified physicians to further examine the appellee and to testify before the full board as to their findings.

Award reversed and cause remanded for further proceedings.

*Hamilton, J.* concurs in result.

NOTE.—Reported in 75 N. E. (2d) 167.