James S. Brown, Jr., J.
In this conversion action plaintiff moves under rule 109 of the Rules of Civil Practice to strike the affirmative defense for insufficiency.
The complaint states that plaintiff was and is the owner of certain personal property which was on and after January 4, 1960 rented to and placed in the office of a dentist in North Miami Beach, Florida. The defendant owns the building in which the office is located. The complaint further states that on or about January 31, 1962 the defendant converted and took unlawful possession of this property and refused to permit the plaintiff to remove it.
The answer admits defendant’s ownership of the building and denies all other allegations of the complaint. The affirmative defense states that the dentist rented the office from the former owner of the building. The lease covered the period from January 1,1960 to December 31, 1969. Subsequent to the making of the lease the defendant purchased the building. The lessee did not pay the rent for November and December, 1961 and January, 1962 and quit the premises on or about January 27, 1962, leaving personal property upon the premises. In paragraph 7 of the affidavit defendant quotes paragraph 10 of the lease which, in effect, gives the landlord a lien upon the lessee’s furniture, fixtures and chattels on the premises for the payment of the rent. The defendant claims that he therefore possesses a lien upon the property involved.
Both sides concede that Florida law controls. Section 83.08 of the Florida Statutes Annotated states in part that every person to whom rent may be due shall have a lien for such rent upon the property found upon the premises leased and (subd. [2]) continues “ Upon all other property of the lessee * * * usually kept on the premises. This lien shall be superior to any lien acquired subsequent to the bringing of such property on the premises leased.”
*35 In Lovett v. Lee (141 Fla. 395, 405) the court stated that the lien “ is not required to be filed and recorded, and attaches at the commencement of the tenancy * * * or as soon thereafter as the chattels are brought upon the premises ”.
In Pillans & Smith Co. v. Lowe (117 Fla. 249) the lessee executed a chattel mortgage to the plaintiff after he moved his chattels into the leased premises. He then defaulted in rent and upon the chattel mortgage. The mortgagee began a foreclosure action against the lessee and the landlord. The court held that the landlord’s lien was paramount since it attached to the chattels prior to the date of the mortgage.
In the present situation, the plaintiff, in order to prevail, will have to prove that he owned the personal property involved before it was placed upon the leased premises! Should the proof establish that the dentist owned the chattels at any time subsequent to their being placed in the office and prior to the date upon which plaintiff acquired title, the defendant’s lien would be paramount and the affirmative defense would be sustained. The cases cited by plaintiff all revolve around situations in which the claimants had title prior to the time that the property was placed upon the leased premises. That is what the plaintiff will have to prove upon the trial. Accordingly, the motion is denied.