QUESTION: Do the definitions in s. 553.25, F.S., include mirrors that are installed on doors or utilized as doors within the dimensions referred to by said section, or that are used as wall paneling adjacent to doors or for bathtub and shower enclosures, and, if so, must such mirrors comply with United States of America Standard Z97.1-1966?
SUMMARY: The provisions of Part III of Ch. 553, F.S., as a whole, read with the legislative purposes explicated in s. 553.24, apply to and embrace within their regulatory terms mirrors installed on doors and mirrors used as doors or as wall paneling adjacent to doors at the location and within the dimensions specified in s. 553.25 or mirrors used as bathtub or shower enclosures, as well as all fixed mirrorglass panels within the prescribed dimensions which may be mistaken as and for a means of ingress or egress; and they require the use of safety glass or safety glazing material in all such mirrors or mirror-glass installed on or used as such doors, wall paneling adjacent to doors or fixed glass panels which may be mistaken for means of ingress or egress, or as bathtub and shower enclosures in all phases of construction or alteration. All such mirrors or mirrorglass must meet the requirements of the United States of America Standard Z97.1-1966 which is by reference incorporated in and made a part of the statute. Louver glass doors and windows with screens are not embraced within, but are excepted from, the regulatory provisions of Part III of Ch. 553. Section 553.25(1), F.S., defines "hazardous locations" as "those fixed glazed panels adjacent to a door or which may be mistaken for means of ingress or egress, the dimensions of which are more than six feet in height and the bottom of which is less than two feet above the floor level." (Emphasis supplied.) Section 553.25(2), F.S., defines "glass doors" to mean "all doors whether sliding or swinging for which the dimensions of the glass are more than eighteen inches in width or more than four feet in height." (Emphasis supplied.) Section 553.28(3), F.S., provides that the provisions of ss. 553.24- 553.28, F.S., shall not apply to louver glass doors or windows with screens. While s. 553.25, F.S., does not in terms define or specifically include within its prescribed definitions "mirrors" or "mirrors on doors" or "mirrors utilized as doors" or "wall paneling adjacent to doors" or as "bathtub and shower enclosures," or "glazed panels" or "glass," or "glazing materials," a reading of the whole statute and the legislatively declared purpose thereof and the application of settled rules of statutory construction thereto makes evident the legislative intent to require the use of "safety glass" or "safety glazing" material or contrivance in glazed or glass doors or fixed glazed or glass panels adjacent to doors or which may be mistaken for means of ingress or egress otherwise defined by s. 553.25 and in all bathtub and shower enclosures in all phases of construction or alteration. Moreover, s. 553.24, F.S., explicitly declares such to be the legislative purpose of the act for the protection of the public safety, health, and welfare. The legislative intent and purpose in enacting a law must be primarily determined from the language of the legislation itself, and not from conjecture aliunde. Maryland Casualty Company v. Sutherland, 169 So. 679
(Fla. 1936). Words in common use in a statute are to be construed according to their plain and ordinary signification, unless used in a technical sense. State v. Tunnicliffe, 124 So. 279 (Fla. 1929); Gaulden v. Kirk, 47 So.2d 567 (Fla. 1950); Gasson v. Gay,49 So.2d 525 (Fla. 1950). The legislative intent as deducible from the language employed in a statute is the law, Pillans and Smith Co. Inc. v. Lowe, 157 So. 649 (Fla. 1934); State v. Knight,124 So. 461 (Fla. 1929); Overman v. State Board of Control,62 So.2d 696 (Fla. 1952); and when ascertained the statute must be given its plain and obvious meaning. A. R. Douglass, Inc. v. McRainey,137 So. 157 (Fla. 1931); Van Pelt v. Hilliard, 78 So. 693 (Fla. 1918). The word "glass" is defined to mean a hard, brittle, noncrystalline, more or less transparent substance produced by fusion, consisting ordinarily of a mixture of silicates, but in some cases of borates, phosphates or the like. The Random House Dictionary of the English Language, Unabridged Ed.; 38 C.J.S. Glass, p. 929. It may consist of something made of such substance as a window, or it may be a mirror or other thing made of the substance, The Random House Dictionary, supra, while a mirror is simply a reflecting surface usually of glass with a silvery, metallic, or amalgam backing, The Random House Dictionary, supra, at p. 914. The word "glazing" in its noun form as used in ss. 553.24 and 553.27, F.S., means the act of furnishing or fitting with glass; panes or sheets of glass set or made to be set in frames, as in windows, doors, mirrors, etc.; the glassy surface of something glazed. The Random House Dictionary, supra, at p. 601. The word "glazed" as used in s. 553.25, F.S., describes a surface covered with a glaze, or glass substance, or something fitted or set with glass (such as fixed glass panels adjacent to a door); while if used in its verb form it would mean to furnish or fit with sheets of glass; to cover with a smooth, glossy surface or coating; and the word "glaze" in the noun form means a smooth glossy surface or coating, or the substance for making or producing such a layer or coating. The Random House Dictionary, supra, at p. 600. "Safety glass" is defined to mean a pane made by joining two plates or panes of glass with a layer of usually transparent plastic or artificial resin between them which retains the fragments if the glass is broken. The Random House Dictionary, supra, at p. 1260. In the context of s. 553.24, such plastic or artificial resin or other similar substances would be included within the general term "safety glazing materials," as would safety glass. Section 553.24, F.S., explicates the legislative intent to "require the use of safety glazing materials in all glass doors, bathtub and shower enclosures, and hazardous locations (as defined in s. 553.25, F.S.) in all phases of construction which will protect the public safety, health and general welfare." (Emphasis supplied.) The use by the Legislature of such comprehensive terms would seem to indicate its intent to include everything embraced within such broad and general terms. [See] 30 Fla. Jur. Statutes s. 81; Florida State Racing Commission v. McLauglin, 102 So.2d 574 (Fla. 1958). Also see Florida Industrial Commission v. Growers Equipment Co.,12 So.2d 889 (Fla. 1943); State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951). Applying the foregoing definitions and rules of construction to your question, I conclude that the provisions of part III of Ch. 553, F.S., apply to and embrace within its regulatory terms mirrors installed on doors and mirrors used as doors or as wall paneling adjacent to doors at the locations and within the dimensions specified in s. 553.25 or mirrors used as bathtub or shower enclosures, as well as all fixed mirror-glass panels within the prescribed dimensions which may be mistaken as and for a means of ingress or egress. The only exceptions from the provisions of part III of Ch. 553 are louver glass doors or windows with screens. Section 553.28(3). No other exceptions having been made by the statute, none other may be implied or written into the law. Dobbs v. Sea Isle Hotel, et al.,56 So.2d 341 (Fla. 1952); Interlachen Lake Estates, Inc. v. Snyder,304 So.2d 433 (Fla. 1974). The use of any such mirrors or mirror-glass at the locations and for the purposes and within the dimensions designated in the statute in any phase of construction is required to comply with the requirements of s. 553.24, i.e., consist of safety glass or glazing material or substance and comply with the minimum standards for such safety glass or glazing material adopted by and by reference incorporated in s. 553.27, i.e., meet the requirements of the United States of America Standard Z97.1-1966 as to obscure as well as transparent glass or glazing materials or mirror-glass. Recently, Ch. 553, F.S., was amended to include the Florida Building Codes Act of 1974, ss. 553.70
through and including 553.87, F.S. (1974 Supp.). These enactments expressly preserve as effective those sections previously dealing with glass construction standards, as embodied in ss. 553.24-553.28. (Section 553.73(2).) Additionally, the 1974 act, Ch. 74-167, Laws of Florida, directs that "all regulations contained in the State Minimum Building Codes shall have a reasonable and substantial connection with the public health, safety or general welfare, and their provisions shall be construed liberally to those ends." Section 553.78(5). The 1975 legislative session brought various other amendments and additions to Ch. 553, F.S., dealing with the various housing and building code provisions contained therein. However, the Legislature chose to leave the sections on glass construction standards, supra, unchanged and in effect reaffirmed their application and operative effect as I have indicated above. (Chapter 75-111, Laws of Florida.)