QUESTION: Is a dentist absolutely limited, under s. 466.27(2), F. S., to two signs, or may he have his name, dental degree, and other information referred to in s. 466.27(2) next to his office door or on the building, if his door opens up directly to the outside, as well as having two signs which are physically separate from the building?
SUMMARY: A dentist is authorized by s. 466.27(2), F. S., to have not more than two unilluminated signs which are visible from the exterior of the dentist's office, and which conform to all requirements set forth in s. 466.27, and in addition thereto a dentist may list the statutorily prescribed information on the directory of the building in which he practices, whether located on the interior or exterior of such building, as well as on one of the doors opening into or entering the dentist's office, whether said door is on the interior or exterior of such building. Section 466.27(2), F. S., provides in pertinent part that: A dentist may not have more than two unilluminated signs visible from the exterior of his office. . . . In addition to the foregoing signs, he may list his name, dental degree, "D.D.S." or "D.M.D.," using the abbreviation only, the word "dentist," "dentistry," or "general dentistry" or any specialty as defined above, his room number and office hours on the directory of the building in which he practices. . . . The information listed on the directory may be placed on one door entering his office . . . . (Emphasis supplied.) It therefore appears that there is specific statutory authorization for the appearance of a dentist's name, with the other information specified in s. 466.27, F. S., on the directory of the building in which he practices, in addition to his use of two unilluminated signs visible from the exterior of his office. Your question, however, contemplates a building with individual offices opening directly to the outside of the building or with the placing of the building's directory outside of the building due to the lack of a common entranceway or lobby in and to the building. The legislative intent and purpose in enacting a law must be primarily determined from the language of the legislation itself, and not from conjecture aliunde. Maryland Casualty Company v. Sutherland, 169 So. 679 (Fla. 1936). Words in common use in a statute are to be construed according to their plain and ordinary signification, unless used in a technical sense. State v. Tunnicliffe, 124 So. 279 (Fla. 1929); Gaulden v. Kirk,47 So.2d 567 (Fla. 1950); Gasson v. Gay, 49 So.2d 525 (Fla. 1950). The legislative intent as deducible from the language employed in a statute is the law, Pillans and Smith Co. Inc. v. Lowe,157 So. 649 (Fla. 1934); State v. Knight, 124 So. 461 (Fla. 1929); Overman v. State Board of Control, 62 So.2d 696 (Fla. 1952); and, when ascertained, the statue must be given its plain and obvious meaning. A. R. Douglass, Inc. v. McRainey, 137 So. 157 (Fla. 1931); Van Pelt V. Hilliard, 78 So. 693 (Fla. 1918). In enacting s. 466.27(2), supra, the Legislature has specifically recognized and allowed the use of directories in addition to two unilluminated signs visible from the exterior of a dentist's office. It has also authorized a dentist to list his name and the other information prescribed in s. 466.27(2) on one door entering the dentist's office, in lettering not to exceed 2 inches in height. The statute restricts the latter information or listing to the door, or to one of the doors, which opens into and enters the dentist's office. The statutory language does not require the door to be physically located within the interior of the building, nor does it limit the placement of the information listed on the directory to interior doors of the building in which the dentist practices. Therefore, I conclude from the plain meaning of the statute that a dentist who practices in a building where the individual office units are entered through a door or doors directly from the outside of the building and egress from such individual offices is directly to the outside of the building may place the information authorized to be listed on the building's directory on the door, or on one of the doors, which opens into and enters his office. Section 466.27(2), supra, further specifies that a dentist may list his name and other prescribed information "on the directory of the building in which he practices." (Emphasis supplied.) It does not direct that the directory must be physically located within the building, nor even on the outside wall of the building. Therefore, I also conclude that a dentist practicing in the type buildings referred to in your question may allow his name to be placed on the building's directory, whether such directory is located within or without the building, provided the letters of such directory listing do not exceed 2 inches in height.