Ernest Ellison Auditor General Tallahassee
QUESTION:
What funds are included under the term `Transportation Funds' for the purpose of s. 339.083(2), F. S., which directs the Auditor General to immediately notify a county if, in the course of his audit, he finds that the county has violated constitutional or statutory requirements for the expenditure of `transportation funds'?
SUMMARY:
The term `transportation funds' in the statute which controls county transportation trust funds applies only to specific and restricted funds, such as the surplus second gas tax distributions and the accounts within the county transportation trust funds into which those particular revenues are deposited, for the purpose of s. 339.083(2), F. S.
Section 339.083(1), F. S., requires each county to establish and maintain a `transportation trust fund for all transportation-related revenues and expenditures.' Subsection (1) goes on to provide that:
 All funds received by a county for transportation shall be deposited into this fund. No expenditures other than transportation expenditures authorized by law shall be made from said fund. Each county shall use a uniform accounts classification system approved by the State Comptroller. (Emphasis supplied.)
And, as provided in s. 129.011(1), F. S., the county transportation trust fund cannot be combined with any other county fund, but must be maintained with its own identity:
 In order to simplify and otherwise improve the accounting system provided by law and to facilitate a better understanding of the fiscal operation of the county by the general public, the board of county commissioners may, by resolution duly adopted, consolidate any of its separate budgetary funds into a single general fund, except that the road and bridge tax shall be levied under s. 336.59 and all revenue and expenditures of the county transportation trust fund established pursuant to s. 339.083 shall be shown as a separate budgetary fund. (Emphasis supplied.)
The general county transportation trust fund required by s. 339.083(1), F. S., contains funds and revenues from various sources and is divided into and composed of separate accounts into which these different types of transportation funds are deposited and by which the separate identities of the different types of transportation funds are accounted for and maintained. Compare s.339.081, F. S., dealing with the State Transportation Trust Fund maintained by the State Comptroller, and the provisions of paragraph (1)(a) thereof regulating the restricted state road moneys account within the State Transportation Trust Fund to which the proceeds of the 80 percent portion of the second gas tax to be distributed and transferred to the counties are credited by the Comptroller. One category of transportation funds within both the State Transportation Trust Fund and a county's transportation trust fund would be that account to which are credited surplus revenues from the second gas tax, which tax is defined in s.206.41(4), F. S., as that `tax of 2 cents per gallon as levied by s. 16, Art. IX of the Constitution of 1885, as amended, and continued by s. 9(c), Art. III of the 1968 Constitution.' Distribution and transfer to and use of the second gas tax by counties is provided for and limited by s. 9(c), Art. XII, State Const., and by ss. 206.47 and 339.089, F. S. Section 339.083(2) provides for audits of county transportation trust funds by the Auditor General:
 The Auditor General shall conduct an audit of each such special trust fund at such intervals of time as practicable and in accordance with s. 11.45, to assure that the surplus of the second gas tax distributed to each county is being expended in accordance with law. If, as a result of an audit, the Auditor General determines that a county has violated the constitutional or statutory requirements for expenditure of transportation funds, he shall immediately notify the county. The county shall have an opportunity to respond to the auditor's report within 30 days after the date of written notification to the county. If the Auditor General refuses to modify or repeal his findings, the county may have such findings reviewed pursuant to the provisions of the Administrative Procedure Act, chapter 120. If the findings of the Auditor General are upheld after exhaustion of all administrative and legal remedies of the county, no further surplus second gas tax funds in excess of funds for committed projects shall be distributed to the violating county until the county corrects the matters cited by the Auditor General and such corrections have been certified by the Auditor General as having been completed. (Emphasis supplied.)
In light of the above-quoted requirement in s. 339.083(2), F. S., you have asked whether your duty to notify the county of violation of constitutional or statutory requirements for expenditure of `transportation funds' (with the ensuing penalty of termination of distribution of second gas tax surplus to the county) applies to the expenditures of all moneys in the county transportation trust fund received from all sources; only such funds as accrue to the county under the surplus second gas tax distribution; or some other particular fund or funds within the county transportation trust fund.
In the first sentence of s. 339.083(2), F. S., directing the Auditor General to audit county transportation trust funds, the Legislature has specified that the audit is for the purpose of assuring `that the surplus of the second gas tax distributed to each county is being expended in accordance with law.' Subsection (2) ends by providing a penalty in the form of termination of distribution of the same surplus second gas tax funds to the county `until the county corrects the matters cited by the Auditor General and such corrections have been certified by the Auditor General as having been completed.' Notwithstanding the use of the general term `transportation funds' in the sentence directing the Auditor General to notify the county of violations of constitutional or statutory requirements for expenditures, an examination of subsection (2) in its entirety (including the legislative statement of `purpose') indicates that, in the context employed by the Legislature and for the purpose of s. 339.083(2), the Auditor General is charged with the responsibility of making sure that the surplus of the second gas tax distribution to each county — as compared with all other transportation-related funds or revenues received by a county and deposited in the county transportation trust fund — is being expended in accordance with the constitutional and statutory requirements governing the distribution and expenditure of surplus second gas tax revenues.
When s. 339.083(2), F. S., is read together with the other constitutional and statutory provisions regarding distribution and use of the second gas tax surplus (s. 9(c), Art. XII, State Const., and s. 206.47, F. S.), it is evident that the provision in question in s. 339.083(2) is part of an overall scheme for the accounting for and expenditure of surplus second gas tax revenues. Accordingly, the specific provisions in s. 339.083(2) requiring the Auditor General to report illegal expenditures and providing for termination of distribution of surplus second gas tax revenues refers to illegal expenditures of surplus second gas tax revenues only — not to other revenues in the county transportation trust fund. When the Legislature's intent in enacting a statute can be clearly ascertained from the language of the statute, considered along with its setting and the purpose to be accomplished, that intent is the controlling law. State v. Sheats, 83 So. 508 (Fla. 1919); People's Bank of Jacksonville v. Arbuckle, 90 So. 458 (Fla. 1921); Pillans Smith Co., Inc. v. Lowe, 157 So. 649 (Fla. 1934); American Bakeries Co. v. Haines City, 180 So. 524 (Fla. 1938); and Orlando Sports Stadium, Inc. v. State ex rel. Powell,262 So.2d 881 (Fla. 1972). As noted above, the statement of legislative purpose set forth in s. 339.083(2) is `to assure that the surplus of the second gas tax distributed to each county is being expended in accordance with law.'
Therefore, while a county is required to maintain a general transportation trust fund and is required to deposit all
transportation-related funds or revenues into that separate fund, I am of the opinion that the reference in s. 339.083(2), F. S., to `transportation funds' should be read, for the purpose of that subsection, as applying only to specific and restricted funds,i.e., the surplus second gas tax distributions and the accounts within the county transportation trust funds into which those particular revenues are deposited. (I must emphasize, however, that the entire county transportation trust fund is still subject to audit by the Auditor General pursuant to s. 11.45, F. S. It is only the particular provision in question in s. 339.083(2) which I conclude is limited to surplus second gas tax revenues and accounts.)
Prepared by:
Jerald S. Price Assistant Attorney General