ROBERTSON, P. J., and NEAL, J., concur.

Robert Alan BLAKE, Appellant-Plaintiff,

v.

**DUNN FARMS, INC.,**
**Appellee-Defendant.**

No. 2-178A28.

Court of Appeals of Indiana,
Second District.

Jan. 22, 1980.

Larry J. Burke, Fort Wayne, Robert E. Bostwick, Wabash, for appellant-plaintiff.

Kightlinger, Young, Gray & DeTrude, Indianapolis, for appellee-defendant.

SULLIVAN, Judge.

### OPINION ON PETITION FOR REHEARING

Heretofore, on November 5, 1979, we reversed the summary judgment entered in favor of Dunn Farms, Inc. and remanded for trial upon the issues. *Blake v. Dunn Farms, Inc.* (2d Dist.1979) Ind.App., 396 N.E.2d 415.

Appellee's Petition for Rehearing presents an issue which we deem appropriate to discuss. We, therefore, grant the petition solely to clarify the court's position on that question. The petition in all other respects is denied.

Appellee Dunn Farms, Inc. argues that, during the term of a lease, the duty to maintain the premises falls upon the tenant. Thus, Dunn Farms asserts, it owed no duty to the public. It is true, in certain circumstances, that a landlord has no duty to enter and make repairs for the duration of a lease.

That principle, however, is inapplicable in the instant case because the basic tenancy had ended. Further, whether or not Love, as to Dunn Farms, was a trespasser or a tenant at sufferance, we cannot decide because the status of Love is a question of fact. As the court stated in *Jump v. Pilgrim Properties, Inc.* (1947) 118 Ind.App. 164, 166, 75 N.E.2d 165, 166 (quoting *School Dist. No. 11 v. Batsche* (1895) 106 Mich. 330, 334, 64 N.W. 196, 197):

> " '[A] person in possession of land lawfully, who holds over without right, becomes a tenant at sufferance, if the owner suffers him to remain in possession a sufficient length of time to imply an intentional acquiescence in the occupancy, and

it is not necessary that the previous holding be that of a tenant.' "

For these reasons, we reaffirm our earlier decision.

BUCHANAN, C. J., and SHIELDS, J., concur.