TERRELL, Justice.
The Legislature of 1959 enacted Chapter 59-1634, the title to which is as follows:
“AN ACT relating to Okaloosa County; authorizing the Board of County Commissioners of Okaloosa County to set aside annually a certain amount of the Race Track Funds allocated to said county; providing the purpose for which such funds are to be set aside.”
Section 1 of said Chapter 59-1634 is as follows:
“The board of county commissioners of Okaloosa county shall set aside each year twenty five hundred dollars ($2500.00) from the race track funds paid to Okaloosa county pursuant to the Florida Statutes, for the purpose of developing the Indian mound and the construction of public buildings in Fort Walton Beach, Florida.”
March 15, 1962, Okaloosa County filed complaint for declaratory decree against Fort Walton Beach, Florida, wherein the county prayed that Chapter 59-1634, Special Acts of 1959, be declared invalid and unconstitutional. Answer was seasonably filed to the complaint denying the unconstitutionality of the act and denying that the money was to be spent solely on municipal projects of the defendant.
The cause was set for hearing April 17, 1962, at which time plaintiff was permitted to amend the complaint to further allege that Chapter 59-1634 is unconstitutional in that (1) there is a fatal variance between the title and the body of the act and (2) in that the act is so ambiguous and indefinite on its face that it fails to declare a county purpose or define any method or procedure for expenditure of the funds appropriated.
The cause came on for hearing on the issues made by the complaint as amended and the answer thereto and after argument of counsel, the chancellor entered a final decree and an amended final decree finding the equities to be with the plaintiffs and held the act assaulted to be unconstitutional and inoperative. His decree was based on the following findings of fact, to wit, (1) the Indian mound property referred to in Chapter 59-1634, Special Acts of 1959, was property of the City of Fort Walton Beach at the time said act was passed and at all times thereafter; (2) that neither the Indian mound nor the public buildings specified in the City of Fort Walton Beach serves a county purpose; (3) there is a discrepancy between the title and body of the act, in that the title is permissive and the body of the act is mandatory; (4) the act fails to declare a county purpose and fails to define any plan or procedure for distribution of the funds appropriated.
Fort Walton Beach, the defendant below, appellant here, has appealed from the final decree so entered.
The only point for determination is whether or not the chancellor committed error in holding Chapter 59-1634 invalid and unconstitutional.
We think this question requires a negative answer account of the indefiniteness of the purpose of the act. An examination of the title and Section 1 as quoted discloses that “The board of county commissioners of Okaloosa county shall set aside each year twenty five hundred dollars ($2500.00) from the race track funds paid to Okaloosa county pursuant to the Florida Statutes, for *242 the purpose of developing the Indian mound and the construction of public buildings in Fort Walton Beach, Florida.” There is no limit to the time said funds may be set aside, where the “Indian mound” is located or how much shall be spent “developing” it, where the “public buildings in Fort Walton Beach” are located, what they are for or how much shall be spent on them, whether they are to cost ten thousand dollars or ten times that much.
As pointed out by the chancellor, the improvements contemplated must be shown to serve a county purpose but there is no showing here that they will or to what extent they are proposed for such a purpose. We do. not overlook the fact that the legislature has a broad discretion in the determination of what constitutes a public or county purpose, but in the act under review, there is no indication what the mind of the legislature was as to this.
We have examined §§ 125.47 through 125.53, Florida Statutes, F.S.A., but we find nothing in them that gives the city any comfort here.
For the reasons pointed out herein, the decree of the chancellor must be, and is hereby, affirmed. We express no opinion as to points raised but not discussed.
Affirmed.
ROBERTS, C. J., and THOMAS, DREW and CALDWELL, JJ., concur.