BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court, First District, reported at 239 So.2d 63 (Fla.App.lst 1970). The decision sought to be reviewed affects a “class of constitutional or state officers” giving this Court jurisdiction under § 4, Article V of the Florida Constitution, F.S.A.[1]
*420 The proceedings below were initiated by petitioner, City of Waldo, filing a complaint seeking a declaratory judgment in a controversy concerning the Alachua County Road and Bridge Fund. All of the municipalities located within the territorial boundaries of Alachua County were made parties. Prior to the introduction of any evidence, the trial court issued a certificate directed to the District Court of Appeal, First District, pursuant to Rule 4.6, Florida Appellate Rules, 32 F.S.A. The certificate submitted the following questions to the District Court:

“First

“In preparing the annual budget required by Sec. 129.01 of Florida Statutes, 1969, is a Board of County Commissioners of a County obligated to provide a fund each year a ‘Road and Bridge Fund’ ?

“Second

“If a Board of County Commissioners of a County provides for a Road and Bridge Fund as an item in its annual budget, is such Board obligated to fund the same by revenue realized from the assessment of the special tax on property provided for in Section 336.59(1) of Florida Statutes 1969; or may such Board fund the same by allocating thereto monies realized from other county revenue sources?

“Third

“If a Board of County Commissioners of a County has the discretion of funding the Road and Bridge Fund part of its annual budget from County revenue sources other than the special property tax provided for by Sub-Section (1) of Section 336.59 of Florida Statutes 1969, is the participation of the municipalities within the County under SubSection (2) of said Section limited to 50% of only that part of the Road and Bridge Fund which is realized from the special property tax on property within each said municipality; or must such Board compute said 50% refund on the basis of the total amount budgeted for road purposes within the County without regard to the source of funding ?’’
The District Court concluded its opinion by summarizing the answers to the questions set out above as follows :[2]
“It is our view and we so hold that counties are, authorized under the laws of this state to budget as all or part of its road and bridge fund sources of revenue other than ad valorem tax on property within the county which are not required by law to be expended for other special purposes. None of the revenues so budgeted for the road and bridge fund of the county are required to be shared on an allocable basis with the municipalities lying within the county. Only to the extent of revenues derived from an ad valorem tax levy against property within the municipalities of the county for road and bridge purposes is that fund required to be shared on an equal basis with such municipalities.” (e. s.)
Similar language appears earlier in the opinion, as follows :[3]
“From the foregoing it would affirmatively appear that a county road and bridge fund is not required to be funded exclusively from a special ad valorem tax levy against the taxable property in the county, but may be funded either in whole or in part from other lawful sources of anticipated revenue not designated for a particular purpose so long as such sources are sufficient to meet the road and bridge requirements of the county for the ensuing budget year.” (e. s.)
The italicized language in the foregoing quotes from the District Court’s opinion are unnecessary to the decision of *421 the cause and are not approved by this Court.[4] The instant case does not present the question of whether a county road and bridge fund can be funded entirely from sources other than ad valorem tax revenue, thereby completely depriving the municipalities within the county of road funds under § 336.59. The Alachua County Road and Bridge Fund includes ad valorem tax revenues under § 336.59 as well as revenues from other sources.
The opinion of the District Court also contains a statement indicating that a county might be relieved of the obligation of providing and funding a road and bridge fund, as follows :[5]
“Only in the event a county enjoys the unique distinction of having no roads or bridges to build or maintain during the ensuing budget year would the county be relieved of complying with the mandatory requirements of the foregoing statute.”
The foregoing statement, a portion of the District Court’s answer to the first question certified from the Alachua County Circuit Court, is incorrect because it indicates that a county might bé relieved of the obligation of having and funding a road and bridge fund required by Florida Statutes § 129.01, F.S.A. Alachua County has, and does not seek to dispense with, its road and bridge fund. The parties conceded in oral argument before this Court that a county must have and fund a road and bridge fund.
Accordingly, to the extent that the opinion of the District Court indicates that a county could dispense with having a road and bridge fund and to the extent that the opinion holds that the road and bridge fund could be funded entirely from revenues other than ad valorem tax revenues under Florida Statutes § 336.59, F.S.A., it is disapproved, and in all other respects the opinion stands affirmed.
It is so ordered.
ROBERTS, C. J., and CARLTON, Mc-CAIN and DEKLE, JJ., concur
ERVIN, J., dissents with opinion.
ADKINS, J., dissents with opinion.

. Florida State Board of Health v. Lewis, 149 So.2d 41 (Fla.1963).

. 239 So.2d 63, 69 (Fla.App.lst 1970).

. Id. at 67.

. Fla.Stat. § 129.01(1) (b), F.S.A.: “(1) There shall be prepared, approved, adopted, and executed, as prescribed in this chapter, for the fiscal year ending September 30, 1952, and for each fiscal year thereafter, an annual budget for the following funds:
“ * ,(! *
“(b) Road and bridge fund.”
Fla.Stat. § 200.011(1), F.S.A.: “The county commissioners shall determine the amount to be raised for all county purposes except for county school purposes, and shall enter upon their minutes the rates to be levied for each fund respectively * *
Fla.Stat. § 336.59, F.S.A.: “(1) The commissioners shall levy a tax not to exceed ten mills on a dollar on all property in tlieir county each year for road and bridge purposes. * * *
“(2) One-half the amount realized from such special tax on the property in incorporated cities and towns, shall be turned over to such cities and towns, to be used in repairing and maintaining the roads and streets thereof, as may be provided by the ordinances of such cities and towns.”

. 239 So.2d 63, 66 (Fla.App.lst 1970).