REED, Chief Judge.
This is an appeal by the City of Orlando from a final judgment consequent on a order dismissing with prejudice the appellant’s second amended complaint filed in the Circuit Court for Orange County, Florida, against Orange County, its county commissioners and various other county officers. Generally stated the issue is whether the complaint stated a cause of action.
The complaint is some eleven pages in length. In paragraphs 10 and 11, the plaintiff alleges that contrary to the “mandatory requirements” of F.S. Section 336.59, F.S.A., Orange County since 1 October 1949 has failed to levy any ad valorem property taxes for its road and bridge fund. *846 Somewhat inconsistently, paragraphs 12 through IS of the complaint allege that since 1 October 1949 the county has levied ad valorem taxes for road and bridge purposes, but that the funds resulting from such levies have been placed in funds other than the road and bridge fund and expended from such other funds for road and bridge purposes. In addition, it is alleged that the county has transferred money from such other funds to the road and bridge fund and spent same for road and bridge purposes. No portion of said funds were allegedly shared with the City of Orlando in accordance with the obligations of Sec. 336.59, F.S.1969, F.S.A. In paragraphs 18, 19, and 20, the complaint avers that county funds from whatever source generated have been consistently spent by the county for road and bridge purposes in the unincorporated areas of the county and without benefit to the citizens and residents of the City of Orlando.
The following relief was sought: a judgment for damages; a declaration of rights, and particularly a declaration that the sole right of the county to levy taxes for road and bridge purposes is by an ad valorem tax under Sec. 336.59, F.S.1969, F.S.A.; an injunction prohibiting the county from paying out monies to which the city is entitled under Sec. 336.59; and finally, a writ of mandamus to compel the county to (1) pay the city its statutory share of those monies held by the county that were derived from ad valorem taxation on property within the City of Orlando for road and bridge purposes, and (2) levy and collect under Sec. 336.59, F.S. 1969, F.S.A., a property tax each year beginning with its fiscal year 1970-71 sufficient to meet the full road and bridge requirements of all of Orange County including the City of' Orlando.
Three questions of law emerge from the allegations in the complaint. They are:
(1) Is the county required by Sec. 336.59, F.S.1969, F.S.A., to make an annual levy for road and bridge purposes?
(2) Is the county required by Sec. 336.59, F.S.1969, F.S.A., to share with plaintiff ad valorem taxes levied by the county for road and bridge purposes, regardless of the budgetary fund into which the resulting revenues were placed by the county?
(3) If the county raised funds by an ad valorem tax levy which was not for road and bridge purposes and the funds were not placed in the road and bridge fund, could the county subsequently transfer such funds to its road and bridge fund without sharing them with municipalities under Sec. 336.59, F.S.1969, F.S.A.?
With regard to the first question, the controlling statute — Sec. 336.59, F.S. 1969, F.S.A. — provides:
“Levy of tax for road and bridge purposes; proportion to municipalities
“(1) The commissioners shall levy a tax not to exceed ten mills on a dollar on all property in their county each year for road and bridge purposes. Such tax, when collected, shall be paid over to the county depository and kept in a separate fund. .
“(2) One-half the amount realized from such special tax on the property in incorporated cities and towns, shall be turned over to such cities and towns, to be used in repairing and maintaining the roads and streets thereof, as may be provided by the ordinances of such cities and towns.” (Emphasis added.)
The significance of an affirmative answer to this question is that if the county is required to raise funds annually by an ad valorem tax levy for road and bridge purposes, the municipalities within the county will receive a share of such funds and a corresponding reduction in their taxing burden. A sound argument may be made for such an answer. In the first place the word “shall” as used in the statute is normally construed to connote a mandatory intention. Neal v. Bryant, Fla.1962, 149 So.2d 529, 532; Florida Tallow Corporation *847 v. Bryan, Fla.App.1970, 237 So.2d 308. Furthermore, the history of the statute tends to suggest that it may he mandatory. An early version of the statute appeared in the Laws of 1903 as Chapter 5237. In pertinent part the statute then read:
“That in any county in this State where the Board of County Commissioners may deem it advisable and for the public good, they shall at the time for levying taxes for county purposes, levy a special tax for public roads, bridges and river crossings. . . .” (Emphasis added.)
In the Laws of 1913, Chapter 6537, the above provisions were reworded to read as follows:
“The Board of County Commissioners are hereby authorized and required to levy a tax of not to exceed five mills on a dollar on all property in said County each year for road and bridge purposes. . . .” (Emphasis added.)
The statute took its present form in the Laws of 1955, Ch. 29965, Sec. 154, wherein the following appears:
“(1) The commissioners shall levy a tax not to exceed ten (10) mills on a dollar on all property in their county each year for road and bridge purposes. (Emphasis added.)
Additionally, the mandatory nature of Sec. 336.59(1), F.S.1969, F.S.A., seems to have been recognized by the wording of a recent enactment relating to budgetary accounts. See Ch. 70-282, Laws of Florida 1970, which in Section 1 provides:
“In order to simplify and otherwise improve the accounting system provided by law and to facilitate a better understanding of the fiscal operation of the county by the general public, the Board of County Commissioners of any county of this state may by resolution, duly adopted, consolidate any and all of its separate budgetary funds into a single general fund, except that the road and bridge tax shall be levied under Section 336.59, Florida Statutes, and shown as a separate budgetary fund.” (Emphasis added.)
It might be concluded from the foregoing that the statute, although originally discretionary, became mandatory by amendments. As an additional consideration, the Florida Supreme Court in dictum in the case of Nelson v. City of Fort Lauderdale, Fla.1951, 54 So.2d 207, 208, stated with respect to the statute:
“Casual inspection discloses that the purpose of this act was to provide a dependable sum annually for road and bridge purposes and for no other purpose. (Emphasis added.)
An interpretation of the statute as mandatory would fulfill the purpose of the statute as indicated above.
On the other hand, the word “shall” as it appears in legislation is not always to be given a mandatory connotation. In Reid v. Southern Development Co., 1906, 52 Fla. 595, 42 So. 206, 208, the Florida Supreme Court quoted with approval the following excerpt from a Nebraska opinion :
“ ‘When a particular provision of a statute relates to some immaterial matter, where compliance is a matter of convenience rather than substance, or where the directions of a statute are given with a view to the proper, orderly, and prompt conduct of business merely, the provision may generally be regarded as directory” (Emphasis added.)
In the case of City of Waldo v. Alachua County, Fla.App.1970, 239 So.2d 63, the District Court of Appeal for the First District held that Sec. 336.59, F.S.1969, F.S.A., did not require a county to raise its entire road and bridge fund through ad valorem tax assessments. This holding was approved by the Florida Supreme Court. See City of Waldo v. Alachua County, Fla.1971, 249 So.2d 419. If we should now hold that, although the entire road and bridge fund of the county need not be raised by an ad valorem tax levy, *848 a part thereof must he so raised, we would be giving the statute an interpretation that would render it void for vagueness because the statute has no guideline by which a county commission could determine the percentage of its road and bridge fund to raise by ad valorem taxes, and this court cannot supply such a guideline without invading the province of the legislature. See State v. Barquet, Supreme Court of Florida, 262 So.2d 431, opinion filed 14 February 1972. Compare Fort Walton Beach v. Okaloosa County, Fla.1963, 150 So.2d 240.
For the foregoing reasons, we conclude that the more desirable interpretation to be accorded the statute is that, insofar as it authorizes the levy of an ad valorem tax for road and bridge purposes, it is directory only. Hence we answer the first question in the negative. To the extent the complaint charges an invasion of the rights of the plaintiff by failure of the county to make an annual assessment of ad valorem taxes for road and bridge purposes, the complaint fails to state a cause of action.
 With respect to the second question, the county’s obligation to share ad valorem taxes which it levies for road and bridge purposes is based on Sec. 336.59(2), F.S.1969, F.S.A., but it extends to any ad valorem tax levy made by the county for road and bridge purposes whether the authority for the levy is Sec. 336.59(1), F.S. 1969, F.S.A., or the county’s general statutory authority (formerly Sec. 193.32, F.S. 1967; now Sec. 200.071(1), F.S.1969, F.S. A., and Sec. 200.011(1), F.S.1969, F.S.A.) for ad valorem taxation. Lee County v. City of Fort Myers, Fla.1951, 52 So.2d 792. See also Dade County v. City of Miami, 1919, 77 Fla. 786, 82 So. 354, wherein the Supreme Court expressly rejected the contention that a tax levied under the “general tax law” was not subject to the sharing provisions of the “special law providing for road tax.” It follows that the statutory obligation of the county to share ad valorem tax revenues with the municipalities depends on the nature of the tax— ad valorem — and the purpose of the levy— for roads and bridges — and not the budgetary fund which receives the revenue. We conclude that any ad valorem tax levy made by the county for road and bridge purposes is subject to the obligation to share imposed by Sec. 336.59(2), F.S.1969, F.S.A., regardless of the budgetary fund receiving such revenues and thus we answer the second question in the affirmative. To the extent that the complaint alleges that the county levied ad valorem taxes for road and bridge purposes, but failed to share the same with the municipality, it is our opinion that the complaint states a cause of action for some relief. At this stage of the proceeding, it is not necessary that we specify the exact nature of the relief to which the municipality might be entitled.
With respect to the third question, it would appear that what we have said above provides the answer. Where the county raises revenue through an ad valorem tax levy not imposed for road and bridge purposes, the county would not be obligated to share such revenue with the municipalities even though some part thereof is later lawfully transferred to the county’s road and bridge fund. See Section 129.01(2) (e), F.S.1969, F.S.A., for statutory authority for such a transfer. But as we have said above, one of the major determinants of the statutory obligation to share is the purpose for which the tax was levied, and it would appear competent for a municipality to prove that the actual purpose was for roads and bridges even though the levy may have been officially designated for some other purpose. The third question should, therefore, be answered in the negative. To the extent that the complaint alleges that the county transferred to its road and bridge fund ad valorem tax revenues raised by levies for purposes other than roads and bridges and placed in funds other than the road and bridge fund, the complaint fails to state a cause of action.
*849 Finally, we have not overlooked the allegations in paragraphs 18, 19, and 20, to the effect that the county has consistently spent funds from its road and bridge fund for the improvement of roads only in the unincorporated areas of the county. These general allegations in our view fail to state a cause of action. It is suggested by the appellant’s brief that these allegations demonstrate a violation of Article VIII, Section 1(h), of the Florida Constitution of 1968, F.S.A., which provides :
“Property situate within municipalities shall not be subject to taxation for services rendered by the county exclusively for the benefit of the property or residents in unincorporated areas.”
The allegations in paragraphs 18, 19, and 20 are, in our opinion, far too general to demonstrate a right to relief based on those provisions. On remand, the appellant should be given an opportunity to amend its complaint if it feels that by doing so it can improve its pleading. If the appellant chooses to amend its complaint, it should consider a division of its complaint into counts, each of which develops only one theory of law and fact.
The three questions which we have discussed above appear to this court to be questions of great public interest on which there is no controlling opinion by the Florida Supreme Court. For the foregoing reason, on timely and appropriate application, we will certify our decision herein as one passing on questions of great public interest.
The judgment appealed from is reversed and the cause remanded for further proceedings not inconsistent with the foregoing.
WALDEN and CROSS, JJ., concur.
CERTIFICATION OF QUESTION
Ordered that Appellant’s petition for rehearing filed July 14, 1972, is hereby denied ; further,
Ordered upon application by the appellant the following questions passed upon in this court’s opinion filed June 29, 1972 are certified to the Supreme Court of Florida as questions of great public interest, to wit:
“(1) Is Orange County, Florida required by sec. 336.S9, F.S.1969, to make an annual levy for road and bridge purposes ?
(2) Is Orange County, Florida required by sec. 336.59, F.S.1969, to share with the city of Orlando ad valorem taxes levied by Orange County, Florida for road and bridge purposes, regardless of the budgetary fund into which the resulting revenues were placed by Orange County, Florida?
(3) If Orange County, Florida raised funds by an ad valorem tax levy which was not for road and bridge purposes and the funds were not placed in the road and bridge fund, could Orange County, Florida subsequently transfer such funds to its road and bridge fund without sharing them with the city of Orlando under sec. 336.59, F.S.1969?”