276 So.2d 41 (1973)
CITY OF ORLANDO, Petitioner,
v.
COUNTY OF ORANGE, Respondent.
No. 42737.
Supreme Court of Florida.
April 11, 1973.
*42 Egerton K. van den Berg of Van Den Berg, Gay, Burke & Dyer, Orlando, for petitioner.
John H. Ward of Ward & Ward, Orlando, for respondent.
Ralph A. Marsicano, Tampa, Burton M. Michaels, Tallahassee, and Paul S. Buchman, Plant City, for The Florida League of Cities, as amicus curiae.
BOYD, Justice.
This cause is before us on Petition for Writ of Certiorari to the District Court of Appeal, Fourth District. That Court has certified that its decision, reported at 264 So.2d 844, is one passing upon questions of great public interest, giving this Court jurisdiction under Article V, § 3, of the Constitution of the State of Florida, F.S.A.
The facts as reported by the District Court are as follows:
"This is an appeal by the City of Orlando from a final judgment ... [and] order dismissing with prejudice the appellant's second amended complaint filed in the Circuit Court for Orange County, Florida, against Orange County, its county commissioners and various other county officers. Generally stated the issue is whether the complaint stated a cause of action.
"The complaint is some eleven pages in length. In paragraphs 10 and 11, the plaintiff alleges that contrary to the `mandatory requirements' of F.S. Section 336.59, F.S.A., Orange County since I October 1949 has failed to levy any ad valorem property taxes for its road and bridge fund. Somewhat inconsistently, paragraphs 12 through 15 of the complaint allege that since 1 October 1949 the county has levied ad valorem taxes for road and bridge purposes, but that *43 the funds resulting from such levies have been placed in funds other than the road and bridge fund and expended from such other funds for road and bridge purposes. In addition, it is alleged that the county has transferred money from such other funds to the road and bridge fund and spent same for road and bridge purposes. No portion of said funds were allegedly shared with the City of Orlando in accordance with the obligations of Sec. 336.59, F.S. 1969, F.S.A. In paragraphs 18, 19, and 20, the complaint avers that county funds from whatever source generated have been consistently spent by the county for road and bridge purposes in the unincorporated areas of the county and without benefit to the citizens and residents of the City of Orlando.
"The following relief was sought: a judgment for damages; a declaration of rights, and particularly a declaration that the sole right of the county to levy taxes for road and bridge purposes is by an ad valorem tax under Sec. 336.59, F.S. 1969, F.S.A.; an injunction prohibiting the county from paying out monies to which the city is entitled under Sec. 336.59; and finally, a writ of mandamus to compel the county to (1) pay the city its statutory share of those monies held by the county that were derived from ad valorem taxation on property within the City of Orlando for road and bridge purposes, and (2) levy and collect under Sec. 336.59, F.S. 1969, F.S.A., a property tax each year beginning with its fiscal year 1970-71 sufficient to meet the full road and bridge requirements of all of Orange County including the City of Orlando."[1]
The District Court held that the portion of the complaint alleging that the county levied ad valorem taxes for road and bridge purposes but failed to share the same with the municipality stated a cause of action on behalf of the municipality and, on the basis of these facts, has certified to this Court the following three questions:
"(1) Is Orange County, Florida required by sec. 336.59, F.S. 1969, to make an annual levy for road and bridge purposes?
"(2) Is Orange County, Florida required by sec. 336.59, F.S. 1969, to share with the city of Orlando ad valorem taxes levied by Orange County, Florida for road and bridge purposes, regardless of the budgetary fund into which the resulting revenues were placed by Orange County, Florida?
"(3) If Orange County, Florida raised funds by an ad valorem tax levy which was not for road and bridge purposes and the funds were not placed in the road and bridge fund, could Orange County, Florida subsequently transfer such funds to its road and bridge fund without sharing them with the city of Orlando under sec. 336.59, F.S. 1969?"[2]
Question 1. Contrary to the view expressed by the District Court,[3] the answer to the first question is "yes". It is our opinion that Section 336.59, F.S. 1969, F.S.A., constitutes a direction by the Legislature to county commissioners to make an ad valorem assessment on real property in the county to be used for road and bridge purposes.[4] The Legislature has not determined what percentage of funds used for this purpose must be from this source, but it is clear that the road and bridge fund cannot be funded entirely from revenue other than the mandated ad valorem taxation. City of Waldo v. Alachua *44 County.[5] The Legislature has not set any minimum millage for this purpose.[6]
Question 2. As the District Court correctly noted,[7] the answer to the second question is "yes". It is our opinion that Orange County is obligated to share with the City of Orlando the ad valorem taxes levied for road and bridge purposes regardless of the budgetary fund into which the resulting revenues were placed by Orange County. The clear Legislative intent in Section 336.59[8] requires that the assessment be made and that an appropriate fund be established. Counties are not permitted to juggle accounting and budgetary procedures to defeat this provision of law. A city is entitled to one-half of the ad valorem taxes collected by a county within the municipal boundaries for road and bridge purposes, even though the county may place a portion of said funds within other designated areas of the county budget.
Question 3. Contrary to the view expressed by the District Court,[9] the answer to the third question is "no". It is our opinion that Section 336.59 clearly expresses the Legislative intent that one-half of the ad valorem taxes collected within a municipality and subsequently used for road and bridge purposes by the county should be returned to the city for repairing and maintaining the roads and streets in said city.
In Nelson v. City of Fort Lauderdale,[10] this Court said:
"Casual inspection discloses that the purpose of this act was to provide a dependable sum annually for road and bridge purposes and for no other purpose, except that one-half the amount collected in cities and towns `shall be turned over' to them `to be used in repairing and maintaining the roads and streets thereof' as may be provided by ordinance. The whole tenor of the act has to do with the repair and maintenance of roads, streets and bridges... . Street, road and bridge repair is one of the most urgent necessities of every county and municipality in the state and is one of the most consistent drains on their tax program. Section ... [336.59] makes possible a definite sum annually for that purpose."
To allow a county to do indirectly what it could not directly do would frustrate the clear purpose of the statute.
Accordingly, the questions certified are answered as follows: Questions 1 and 2 are answered in the affirmative, and Question 3 is answered in the negative. The Decision of the District Court of Appeal is quashed and the cause remanded for further proceedings consistent herewith.
ROBERTS, Acting C.J., McCAIN and DEKLE, JJ., and MASON, Circuit Judge, concur.
NOTES
[1] 264 So.2d at 845-846.
[2] Id. at 849.
[3] Id. at 846-848.
[4] Section 336.59(1), F.S. 1969, F.S.A., provides in part: "The Commissioners shall levy a tax not to exceed ten mills on a dollar on all property in their county each year for road and bridge purposes." (Emphasis supplied.) According to its normal usage, the word "shall" in a statute has a mandatory connotation. Neal v. Bryant, 149 So.2d 529 (Fla. 1962).
[5] 249 So.2d 419 (Fla. 1971).
[6] See note 8, infra.
[7] 264 So.2d at 848.
[8] Section 336.59, F.S. 1969, F.S.A., provides, in part: "(1)... . Such tax, when collected, shall be paid over to the county depository and kept in a separate fund, which fund shall not be expended for any other purpose than for work on the public roads and bridges in the county, and for the payment of the salaries of employees engaged in road and bridge work, and in providing the necessary tools, materials, implements and equipment and for the necessary work on such roads and bridges." (Emphasis supplied.) "(2) One-half the amount realized from such special tax on the property in incorporated cities and towns, shall be turned over to such cities and towns, to be used in repairing and maintaining the roads and streets thereof, as may be provided by the ordinances of such cities and towns." (Emphasis supplied.) The Legislature's use of the word "shall" in these passages naturally has the same mandatory connotation.
[9] 264 So.2d at 848-849.
[10] 54 So.2d 207, 208 (Fla. 1951).