ANSTEAD, Judge,
specially concurring.
If we were writing on a clean slate I would adopt the views expressed by Justice Adkins in his well-reasoned dissent in City of Waldo v. Alachua County, 249 So.2d 419, 425 (Fla.1971):
If a board of county commissioners has the discretion of funding the budgeted road and bridge fund from revenue sources other than the special property tax provided for by Subsection (1), of Fla.Stat. § 336.59, F.S.A., the board should compute the 50 per cent refund provided therein for cities on the basis of the total amount budgeted for road and bridge purposes within the county road system without regard to the source of funding, in the same proportion as if the entire fund had been realized from the special ad valorem tax.
Justice Adkins took the view that section 336.59 not only mandates the levy and collection of taxes for roads but also requires any funds used for roads to be shared with the municipalities regardless of the source of the funds. Unfortunately for the cities, Justice Adkins was a dissenter in the City of Waldo case. The majority in City of Waldo held that although some ad valorem taxes for roads must be collected by the county, the county was also at liberty to use other non-ad valorem tax funds for road purposes without having to share such funds with the cities. Later, in City of Orlando v. County of Orange, 276 So.2d 41 (Fla.1973), a decision not participated in by Justice Adkins, the supreme court held that: (1) The county must make some annual tax levy for roads but no specific minimum amount was required; (2) Any such taxes collected must be shared with the cities; and, (3) Any other ad valo-rem taxes actually used for roads must be shared with the cities. Id. at 43-44. Neither City of Waldo nor City of Orlando prevent a county from using funds other than ad valorem taxes for road purposes without having to share those funds with the cities. While I agree with the sentiments of the trial court because they are in line with Justice Adkins’ earlier views, I concur in the reversal here because the cases do not require the sharing of non-ad valorem tax funds, as ordered by the trial court.
I also write separately because I cannot endorse the majority’s suggestion that a county, in order to comply with section 336.59, must levy a certain “minimum” tax for roads and bridges. I can find no support in the cases for such a suggestion; indeed, the supreme court specifically noted that the legislature did not set aside any minimum millage for that purpose. City of Orlando, 276 So.2d at 44.