ON MOTION FOR REHEARING
PER CURIAM.
The petitions for rehearing are denied.
LETTS and DELL, JJ., concur.
ANSTEAD, J., dissents with opinion.
ANSTEAD, Judge, dissenting.
I would grant appellees’ petition for rehearing in order to specifically approve the trial court’s holding that the county is obligated to share with the municipalities any ad valorem tax funds collected from the municipalities and subsequently used for road and bridge purposes. This is clearly the holding of City of Orlando v. County of Orange, 276 So.2d 41, 44 (Fla.1973) which stated:
It is our opinion that Section 336.59 clearly expresses the Legislative intent that one-half of the ad valorem taxes collected *132 within a municipality and subsequently used for road and bridge purposes by the county should be returned to the city for repairing and maintaining the roads and streets in said city.
To allow a county to do indirectly what it could not directly do would frustrate the clear purpose of the statute.
(Emphasis in original.)
The supreme court in City of Orlando reversed a holding by this court that only ad valorem taxes both assessed and used for the purpose of roads and bridges need by shared by the county. In City of Orlando v. County of Orange, 264 So.2d 844, 849 (Fla. 4th DCA 1972), we certified the following question:
(3) If Orange County, Florida raised funds by an ad valorem tax levy which was not for road and bridge purposes and the funds were not placed in the road and bridge fund, could Orange County, Florida subsequently transfer such funds to its road and bridge fund without sharing them with the city of Orlando under sec. 336.59, F.S. 1969?
The supreme court, in answering this question in the negative, held that regardless of the original purpose for which the ad valo-rem taxes were assessed, the subsequent use of those taxes for roads and bridges required that they be shared with the cities.